131 T.C. No. 1


UNITED STATES TAX COURT



JOSEPH P. FREIJE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17294-07L.              Filed July 7, 2008.



        The issue is whether R's determination upholding
the notice of Federal tax lien (NFTL) issued to P,
which was based upon P's income tax liability for 1999,
was an abuse of discretion.  P argues we do not have
jurisdiction because the 1999 tax year was before the
Court in an earlier case.  See <u>Freije v. Commissioner</u>,
125 T.C. 14 (2005) (Freije I).  P also takes the
position that no tax is due for 1999.  R counters that
Freije I did not reach the assessment in this case,
that the assessment in this case was not decided in
Freije I, and that the underlying tax liability cannot
be before this Court because P failed to petition the
Court after receiving the notice of deficiency for
1999.

        <u>Held</u>:  Freije I addressed an assessment for 1999
made without the issuance of a notice of deficiency,
and the assessment based upon the notice of deficiency

for 1999 was not addressed in Freije I.  The second assessment created a distinct right of hearing subject to a separate review by this Court.

Held, further, the second notice of determination issued regarding 1999 is a valid basis for our jurisdiction and Freije I does not foreclose the collection action for 1999 addressed in the present case.

Held, further, R's determination to proceed with the NFTL to collect P's tax liability for 1999 was not an abuse of discretion.

Joseph P. Freije, pro se.

Diane L. Worland, for respondent.

GOEKE, Judge:  This matter is before the Court on (1) petitioner's motion for summary judgment, (2) respondent's cross-motion for summary judgment, pursuant to Rule 121,[1] and (3) petitioner's motion to dismiss for lack of jurisdiction, as supplemented.  The issue involves respondent's determination upholding the notice of Federal tax lien (NFTL) arising from petitioner's income tax liability for 1999.  For the reasons explained herein, we shall grant respondent's motion for summary

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

judgment, deny petitioner's motion for summary judgment, and deny petitioner's motion to dismiss for lack of jurisdiction, as supplemented.

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Indiana.

Petitioner was involved in a prior case before this Court, Freije v. Commissioner, 125 T.C. 14 (2005) (Freije I). The resolution of that case has some bearing on the pending motions in this case. In Freije I the Court found that respondent could not proceed with a proposed levy with respect to petitioner's 1997, 1998, and 1999 tax years as set forth in the notice of determination issued November 26, 2001. In addition in Freije I, the Court directed respondent to proceed with a series of account transfers and payment postings.

Subsequently, in an order dated May 9, 2007, the Court determined that it did not have jurisdiction in Freije I to address respondent's collection activity related to the NFTL which is the subject of the case at hand.

The relationship between Freije I and this case has confused petitioner primarily because he failed to accept the May 9, 2007, order. The resolution in Freije I did not address the Federal income tax liability which is the subject of the present case. The liability in Freije I arose from the disallowance of

claimed estimated tax payments and the disallowance of certain itemized deductions. Certain of the disallowed deductions should not have been the basis for assessment before the issuance of a notice of deficiency. The liability in this case arose after the issuance of a notice of deficiency dated March 11, 2002 (the notice of deficiency). In the notice of deficiency respondent disallowed certain costs reflected on Schedule C, Profit or Loss From Business, filed as part of petitioner's 1999 tax return, adjustments respondent had not previously made. No petition was filed in response to the notice of deficiency, and on February 3, 2003, respondent assessed the deficiency of $27,457 for 1999. The disputed notice of determination in Freije I was issued on November 26, 2001, and did not include the assessment on February 3, 2003.

The present case involves respondent's efforts to collect the balance of the assessment of February 3, 2003. On January 25, 2007, respondent filed an NFTL at the County Recorder's Office, Johnson County, Franklin, Indiana, with the taxpayers listed as petitioner and his spouse and reflecting the liability as an unpaid balance of $27,331.16 for 1999.

Petitioner timely requested a hearing upon receiving notice of the NFTL filing. The declaration of the settlement officer assigned to petitioner's case indicates that petitioner did not submit a proposed installment agreement, an offer-in-compromise,

any claim for spousal defenses, nor any collection alternatives to the NFTL. The declaration further indicates that the settlement officer verified that the procedural requirements of assessment were met and that the required notification to petitioner was timely. Petitioner has not offered any argument or assertion that is inconsistent with these declarations. Petitioner's request for an administrative hearing demonstrates that petitioner simply maintained that on the basis of Freije I no collections could be made for 1999.

On July 12, 2007, respondent sent petitioner a notice of determination sustaining the NFTL filed on January 25, 2007. On July 30, 2007, petitioner timely petitioned this Court.

On September 26, 2007, petitioner filed a motion for summary judgment. Respondent filed a response to petitioner's motion for summary judgment on October 19, 2007, and simultaneously filed a motion for summary judgment. On November 16, 2007, petitioner filed his response to respondent's motion for summary judgment. On January 22, 2008, petitioner filed a motion to dismiss for lack of jurisdiction, as supplemented on February 20, 2008.

On February 11, 2008, this case was called for hearing on the parties' pending motions. Petitioner appeared and was heard. At the conclusion, the Court took all pending motions under advisement for disposition.

OPINION

Jurisdiction and Res Judicata

Section 6320(c) incorporates the procedures of section 6330(d) in proceedings where the Commissioner has filed an NFTL. Section 6330(d) provides that this Court has jurisdiction to review a timely filed petition after the issuance of a notice of determination. Respondent issued a notice of determination on July 12, 2007, regarding the NFTL filed. This determination did not concern the same assessment involved in Freije I. Petitioner timely filed a petition with this Court.

Despite these facts supporting our jurisdiction, petitioner maintains that we do not have jurisdiction because Freije I should have addressed all collection issues regarding 1999. Petitioner fails to recognize that Freije I involved respondent's efforts to collect via a levy, and the present case involves a lien action. Separate hearings are permitted for lien and levy collection actions. Secs. 6320(b)(2), 6330(b)(2). Petitioner's argument also raises a question which goes beyond jurisdiction-- whether the outcome in Freije I bars any further collection action for 1999 as a matter of res judicata.

Freije I did not address the second assessment for 1999, as the Court explained in its order of May 9, 2007. We recognized that it was not necessary or appropriate, for the Court lacked jurisdiction to address the subsequent assessment for 1999; that

petitioner would be provided an opportunity for a new collection review hearing for the second assessment; and that Freije I related only to the first assessment.

In deficiency cases it has long been recognized that "the Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year." Erickson v. United States, 159 Ct. Cl. 202, 309 F.2d 760, 767 (1962). "As a general rule, * * * where the Tax Court has entered a decision for a taxable year, both the taxpayer and the Commissioner (with certain exceptions) are barred from reopening that year." Hemmings v. Commissioner, 104 T.C. 221, 233 (1995). Petitioner in effect argues for the imposition of this rule in the context of our jurisdiction under sections 6320 and 6330. For the reasons set forth below, petitioner's position is incorrect.

Section 6320(b)(2) provides that "A person shall be entitled to only one hearing under this section with respect to the taxable period to which the unpaid tax specified in subsection (a)(3)(A) relates." The Secretary promulgated section 301.6320-1(d)(2), Q&A-D1, Proced. & Admin. Regs., which provides:

> (2) Questions and answers.--The questions and answers illustrate the provisions of this paragraph (d) as follows:
>
> Q-D1. Under what circumstances can a taxpayer receive more than one CDP hearing under section 6320 with respect to a tax period?
>
> A-D1. The taxpayer may receive more than one CDP hearing under section 6320 with respect to a tax period

> * * * where the same type of tax for the same period is involved, but where the amount of the unpaid tax has changed as a result of an additional assessment of tax (not including interest or penalties) for that period * * *

If a taxpayer was not permitted a second administrative hearing as a result of an additional assessment, petitioner's argument that Freije I resolves this case would be more significant.  If that were the case, it might be expected that the Court would have jurisdiction over all assessments for the year at issue in order to ensure that the taxpayer was afforded judicial review of all of the assessments.  However, the regulation offers taxpayers a separate review where, as in this case, there is a distinct assessment.

Sections 6320 and 6330 address situations where the Commissioner is attempting to collect tax that has been assessed. Since in certain circumstances the Commissioner may assess tax more than once for the same tax period, it is quite reasonable that a taxpayer can have a separate opportunity for a hearing regarding each of the distinct assessments.  Respondent is properly proceeding here under a new assessment which makes different adjustments than were made under the prior assessment. We held the first assessment to be procedurally flawed because it included more than adjustments based on mathematical errors and was made without issuance of a notice of deficiency.  Before making the second assessment, which was based on different

adjustments from the first, respondent sent the notice of deficiency. Therefore, Freije I does not control the outcome in this case.

Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and the Court will view any factual material and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial."

Section 6320(b) provides that a taxpayer having received notice from the Secretary of the filing of an NFTL under section 6323 shall have a right to a fair administrative hearing before the Internal Revenue Service Office of Appeals. Section 6320(c)

provides that an Appeals Office hearing generally shall be conducted consistently with the procedures set forth in section 6330(c), (d), and (e).

This Court cannot consider the merits of the underlying tax liability associated with the second assessment for 1999 because this assessment was based upon the notice of deficiency, and there is no assertion that petitioner did not receive the notice of deficiency.  To the contrary, respondent has produced a copy of the notice of deficiency and a copy of U.S. Postal Service Form 3877, Firm Mailing Book for Accountable Mail, which demonstrates that the notice of deficiency was mailed to petitioner at the mailing address shown on the petition and on the notice of determination.  That address is petitioner's address of record in this case.  Accordingly, under section 6330(c)(2)(B) petitioner was not authorized to raise the underlying liability at his Appeals Office hearing, and we may not consider it.  See Goza v. Commissioner, 114 T.C. 176 (2000). Where the validity of the underlying tax liability is not properly at issue, we will review the Commissioner's administrative determination for an abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  There is no basis for an abuse of discretion argument because petitioner did not raise any issues before the settlement officer other than the underlying liability, which was barred by section 6330(c)(2)(B), as

explained above, and the settlement officer properly weighed the intrusiveness of the proposed collection action against the need for the efficient collection of taxes.

Petitioner makes numerous other arguments about respondent's conduct and the actions of this Court. Petitioner also seeks sanctions against respondent. None of these arguments has merit because they are not relevant to the Court's analysis of the present controversy.

Accordingly, we are satisfied that no genuine issue of material fact exists requiring trial and thus summary judgment is appropriate, and that respondent's determination to sustain the lien filing was not an abuse of discretion. Thus, we will grant respondent's motion for summary judgment and deny petitioner's motion for summary judgment. Further, we find that this Court has jurisdiction as to the 1999 tax year. Accordingly, we will deny petitioner's motion to dismiss for lack of jurisdiction, as supplemented.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.