MARTIN DAVID HOYLE, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT *

Docket No. 7217–04L.                    Filed May 23, 2011.

After this Court's remand of the instant case for R's
Appeals Office to determine, pursuant to I.R.C. sec. 6330(c)(1),
whether R properly sent P a notice of deficiency, R seeks, by
way of a motion in limine, to have the administrative record
from the remand hearing admitted into evidence. P objects on
three grounds: (1) The matters in the record on remand were
not considered at the original hearing; (2) R's counsel and the
settlement officer engaged in improper ex parte contact; and
(3) documents in the administrative record on remand are
inadmissible hearsay. During the pendency of the instant
case, R refiled the notice of Federal tax lien (NFTL) in issue.
P moves to dismiss respondent's refiled NFTL. *Held*: At the
hearing on remand, R's settlement officer was not limited to
a consideration of matters considered by the Appeals officer in
the original administrative hearing. *Held*, *further*, R's counsel
and the settlement officer did not engage in prohibited ex
parte contact. *Held*, *further*, the administrative record, once it
has been authenticated, is admissible to show information
available to the Appeals Office during the administrative
consideration of petitioner's case on remand. Until documents
from that record are offered to prove the truth of the matters
asserted therein, it is unnecessary to rule on P's hearsay
objection. *Held*, *further*, R may refile the NFTL.

Martin David Hoyle, pro se.
*Beth A. Nunnink*, for respondent.

SUPPLEMENTAL OPINION

WELLS, *Judge*: The instant case is before the Court on
respondent's motion in limine and petitioner's motion to dis-
miss respondent's lien.[1] We must decide: (1) Whether the

*This Opinion supplements *Hoyle v. Commissioner*, 131 T.C. 197 (2008).

[1] Petitioner has filed numerous other motions, including a motion to dismiss, to bar evidence
or to set a time limit for response filed on Dec. 15, 2008; motion to dismiss and to bar evidence
filed on Mar. 19, 2009; motion for summary judgment filed on Oct. 5, 2009; and motion to dis-
Continued

proposed Supplemental Stipulation of Facts and exhibits should be admitted into evidence; and (2) whether respondent may refile a notice of Federal tax lien (NFTL) during the pendency of these proceedings.

## *Background*

Many of the relevant facts are set forth in our prior Opinion in the instant case, *Hoyle v. Commissioner*, 131 T.C. 197 (2008) (prior Opinion), and are incorporated by reference. Additionally, some of the facts discussed in this Opinion are taken from the parties' moving papers for the purpose of ruling on respondent's motion in limine and petitioner's motions.

At the time he filed the petition, petitioner resided in Louisiana.

The record contains a notice of deficiency dated March 28, 1996, for petitioner's 1993 tax year. On August 26, 1996, respondent assessed the amounts stated in the notice of deficiency.

On September 12, 2002, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to petitioner's unpaid tax liability for 1993. On or around September 17, 2002, respondent filed an NFTL in Jefferson Parish, Louisiana (original NFTL). The original NFTL indicated, on its face, that unless refiled by September 25, 2006, the original NFTL would operate as a certificate of release of lien as defined in section 6325(a). [2] Petitioner timely requested a review of the original NFTL with respondent's Appeals Office.

On March 31, 2004, respondent's Appeals Office sent to petitioner a notice of determination upholding the original NFTL. Petitioner timely filed a petition with this Court.

On December 3, 2008, we issued our prior Opinion. In our prior Opinion we stated:

we are unable to ascertain the basis for the Appeals officer's verification that all requirements of applicable law were met. Consequently, we will remand this case to the Appeals Office for it to clarify the record as to

miss and to bar evidence filed on Oct. 5, 2009. These motions contain many of the same arguments petitioner made in his objection to respondent's motion in limine. On the basis of our holding in the instant Opinion, we will deny petitioner's motions.

[2] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

what the Appeals officer relied upon in determining that the notice of deficiency was properly sent to petitioner. [*Hoyle v. Commissioner*, *supra* at 205; fn. ref. omitted.]

In a footnote, we noted: "We are remanding this case in order for the Appeals Office to 'examine underlying documents' and make a record of what was relied upon in making the determination that the notice of deficiency was 'properly sent'." *Id.* n.7 (quoting Chief Counsel Notice CC–2006–19 (Aug. 18, 2006)). On December 19, 2008, we issued an order stating that "this case is remanded to respondent's Office of Appeals for the purpose of clarifying the record regarding the issue of what the Appeals officer relied upon in determining that the notice of deficiency was properly sent to petitioner."

On December 22, 2008, respondent's counsel Beth Nunnink (Ms. Nunnink) sent a letter to Supervisory Revenue Officer Clifford Whitely (Mr. Whitely) regarding the instant case. In that letter, Ms. Nunnink stated that she was forwarding the administrative file to which she had added a copy of the U.S. Postal Service certified mail list dated March 28, 1996, which lists notices of deficiency sent to petitioner and Wayne Leland, to whom petitioner had delegated his power of attorney (certified mail list). Petitioner was sent a copy of the December 22, 2008, letter. On January 20, 2009, Settlement Officer Magee (Ms. Magee) was assigned to the case.

Ms. Nunnink and Ms. Magee had several conversations after the remand of this case to respondent's Appeals Office. On January 20, 2009, Ms. Magee and Ms. Nunnink conferred by telephone and email regarding the case. In those communications Ms. Nunnink advised Ms. Magee to give petitioner a face-to-face conference and to decide four issues: (1) Whether the notice of deficiency was sent to petitioner's last known address; (2) whether the assessment was valid; (3) whether petitioner could raise the underlying liability on the ground that he had not received the notice of deficiency; and (4) the items relied on to make the foregoing determinations.

On January 23, 2009, Ms. Magee advised Ms. Nunnink that she would have a face-to-face conference with petitioner on February 19, 2009. Ms. Nunnink advised Ms. Magee that petitioner's amended return for his 1993 tax year had been admitted into evidence at trial. Ms. Magee and Ms. Nunnink conferred regarding status reports to the Court. Ms. Nunnink

reviewed Ms. Magee's draft supplemental notice of determination to ascertain whether all issues the Court had required to be addressed were included in Ms. Magee's determination and that all explanations were complete.

On February 23, 2009, Ms. Magee asked Ms. Nunnink a legal question: If petitioner had previously received a notice of deficiency, could he still raise his underlying tax liability as an issue now? After some research on the subject, Ms. Nunnink advised Ms. Magee that if petitioner had received a notice, he could no longer contest his underlying liability.

On February 19, 2009, Ms. Magee discovered that the refiling date stated on the original NFTL had passed. Throughout several conversations Ms. Nunnink kept Ms. Magee informed about the refiling of the NFTL, and they discussed who should speak with petitioner regarding the refiling. On March 3, 2009, respondent filed Form 12474–A, Revocation of Certificate of Release of Federal Tax Lien, with the Clerk of Court of Jefferson Parish, Louisiana. Immediately thereafter, respondent refiled the NFTL for petitioner's 1993 tax year with the Clerk of Court of Jefferson Parish, Louisiana.

On June 26, 2009, Ms. Magee issued a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.

On March 19, 2010, respondent sent to petitioner a supplemental stipulation of facts to which was attached the record from the hearing on remand with Ms. Magee, including the certified mail list. Petitioner raised objections to the stipulation, and on May 3, 2010, respondent filed the instant motion in limine.

## Discussion

Respondent contends that we should rule in limine that the following documents will be admitted into the record: (1) The original administrative record as submitted into evidence at trial, before the issuance of our prior Opinion remanding the case to respondent's Appeals Office; (2) several previous filings made with the Court;[3] and (3) several

[3] These filings include the petition filed on Apr. 30, 2004, the answer filed on June 29, 2004, respondent's motion for summary judgment filed on Sept. 26, 2006, petitioner's response to respondent's motion for summary judgment filed on Oct. 25, 2006, petitioner's pretrial memorandum filed on May 21, 2007, respondent's opening brief filed on Aug. 6, 2007, petitioner's answering brief filed on Sept. 20, 2007, respondent's reply brief filed on Nov. 14, 2007, and our

documents that Ms. Magee created or considered on remand (administrative record on remand). Evidence previously admitted at trial, like the trial transcript itself, is already in the record, and we therefore need not address its admissibility. The pleadings, motions, briefs, etc., previously filed with the Court also are part of the record in this case, and unless and until they are offered into evidence for a particular purpose, we need not address their admissibility as evidence. As to the administrative record on remand, respondent contends that it is admissible under the business records exception to the hearsay rule. See Fed. R. Evid. 803(6). [4]

Petitioner contends that the administrative record on remand is not admissible into evidence because the matters therein were not considered at the original administrative hearing before remand, that Ms. Nunnink and Ms. Magee had improper ex parte contact regarding the hearing on remand, and that the documents in the administrative record on remand, specifically a certified mail list showing the mailing of the notice of deficiency in issue to petitioner and to his representative, are inadmissible hearsay on account of a lack of trustworthiness. See *id.*

A taxpayer is entitled to a single hearing under section 6320 with respect to the year to which the unpaid liability relates. Sec. 6320(b)(2); *Freije v. Commissioner*, 131 T.C. 1, 5 (2008), affd. 325 Fed. Appx. 448 (7th Cir. 2009); see also *Kelby v. Commissioner*, 130 T.C. 79, 86 (2008) (similar holding for section 6330 cases). When this Court remands a case to the Appeals Office, the hearing on remand is a supplement to the taxpayer's original section 6320 hearing. *Kelby v. Commissioner*, *supra* at 86; see also *Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) ("In the event the administrative record is found inadequate for judicial review, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation'." (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985))). The hearing on remand provides the parties with the opportunity to complete the initial section 6320 hearing while preserving the taxpayer's right to receive judicial

prior Opinion in the instant case, *Hoyle v. Commissioner*, 131 T.C. 197 (2008).

[4] Proceedings in the Tax Court are generally governed by the Federal Rules of Evidence. Rule 143(a).

review of the ultimate administrative determination. *Kelby v. Commissioner*, *supra* at 86; see also *Wadleigh v. Commissioner*, 134 T.C. 280, 299 (2010) (similar result in a section 6330 case). A corollary to the fact that the taxpayer may receive only one hearing is that the Commissioner's Appeals Office makes a single determination. *Kelby v. Commissioner*, *supra* at 86. When this Court remands a case to the Appeals Office and it comes back to us after a supplemental determination is issued, we review the supplemental determination. *Id.*

We remanded the instant case for the Appeals Office to determine, as a part of its verification "that the requirements of any applicable law * * * have been met", sec. 6330(c)(1), whether a notice of deficiency was properly mailed to petitioner. If the notice of deficiency was not properly mailed, the assessment of tax would be invalid. See sec. 6213(a); *Hoyle v. Commissioner*, 131 T.C. at 205. The act of mailing may be proven by documentary evidence of mailing. *Coleman v. Commissioner*, 94 T.C. 82, 91 (1990). We have held that exact compliance with Postal Service Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner and is sufficient, absent evidence to the contrary, to establish that a notice of deficiency was properly mailed. *Id.*; see also *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984). Ms. Magee was not limited to what the original Appeals officer considered. She was required to consider, pursuant to this Court's order of remand, whether a notice of deficiency had been properly sent to petitioner. *Hoyle v. Commissioner*, *supra* at 205; see also *Kelby v. Commissioner*, *supra* at 86. The administrative record on remand contains such evidence in the form of a certified mail list. The certified mail list appears to include the same information found on Postal Service Form 3877. The administrative record on remand and the certified mail list are necessary for our consideration of the supplemental determination by respondent's Appeals Office on remand and will at least be admitted into evidence for the limited purpose (as allowed by rule 105 of the Federal Rules of Evidence) of showing the proceedings on remand—a purpose for which they are not, strictly speaking, offered to prove the truth of the matter asserted therein. Consequently, the administrative record on remand shall be admitted as long as

it is authenticated pursuant to rule 901 of the Federal Rules of Evidence. If documents from the administrative record on remand are offered at trial for the additional purpose of proving the truth of the matters asserted therein,[5] hearsay and reliability objections can be addressed at that time.

Petitioner cites the American Bar Association (ABA) Model Code of Judicial Conduct and the Tennessee Code of Judicial Conduct, Tennessee Supreme Court rule 10, for the proposition that communications between Ms. Nunnink and Ms. Magee were impermissible. Petitioner's reliance on the ABA Model Code and the Tennessee code is misplaced. They do not govern the matters before us and are not applicable to the instant case.

The Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. 105–206, sec. 1001(a)(4), 112 Stat. 689, directed the Commissioner to develop a plan to prohibit ex parte communications between Appeals Office employees and other Internal Revenue Service (IRS) employees that appear to compromise the independence of the Appeals officers:

The Commissioner of Internal Revenue shall develop and implement a plan to reorganize the Internal Revenue Service. The plan shall—

* * * * * * *

(4) ensure an independent appeals function within the Internal Revenue Service, including the prohibition in the plan of ex parte communications between appeals officers and other Internal Revenue Service employees to the extent that such communications appear to compromise the independence of the appeals officers.

To fulfill that congressional mandate to ensure an independent Appeals Office, the Commissioner issued Rev. Proc. 2000–43, 2000–2 C.B. 404, which is effective for communications between employees of the Appeals Office and other IRS employees taking place after October 23, 2000. See *Drake v. Commissioner*, 125 T.C. 201, 208 (2005); *Harrell v. Commissioner*, T.C. Memo. 2003–271. According to Rev. Proc. 2000–43, *supra*, ex parte communications are communications that take place between the Appeals Office and another IRS office without the participation of the taxpayer or the taxpayer's

---

[5] See, e.g., *Sego v. Commissioner*, 114 T.C. 604, 610–611 (2000) (relying on a copy of the notice and Postal Service Form 3877 to conclude, "[o]n the preponderance of the evidence, * * * that the statutory notice of deficiency was sent").

representative. *Drake v. Commissioner*, *supra* at 209. An Appeals officer may not engage in ex parte discussions of the strength and weakness of the issues of a case that would appear to compromise the Appeals officer's independence. *Id.* The Appeals officer must give the taxpayer an opportunity to participate in any discussions concerning matters that are not ministerial, administrative, or procedural. *Id.*; Rev. Proc. 2000–43, sec. 3, Q&A–6, 2000–2 C.B. at 406. However, Rev. Proc. 2000–43, *supra*, by its terms applies to communications between an attorney in the Office of Chief Counsel and an Appeals officer only in nondocketed cases; i.e., those cases where the taxpayer has not yet filed a petition with the Tax Court. *Id.* sec. 2, sec. 3, Q&A–11, 2000–2 C.B. at 404, 406–407. As the instant case is a docketed case, Rev. Proc. 2000–43, *supra*, does not apply directly to communications of Ms. Nunnink with Ms. Magee.

During 2007 the IRS Office of Chief Counsel issued guidelines covering communications between IRS Chief Counsel attorneys and Appeals officers when a case is remanded by the Tax Court. Chief Counsel Notice CC–2007–006 (Feb. 23, 2007). That notice provided three guidelines to Chief Counsel attorneys: (1) Chief Counsel attorneys are to prepare a written memorandum explaining why the case was remanded and noting any special instructions in the order of remand and should provide a copy of the memorandum to the taxpayer; the memorandum is not to discuss the credibility of the taxpayer or the accuracy of the facts presented by the taxpayer; (2) a Chief Counsel attorney may provide legal advice to an Appeals officer as long as that attorney did not give legal advice to an originating function (e.g., collection) on the same issue in the same case; the legal advice should not opine on the ultimate legal issues; and (3) the Chief Counsel attorney who is handling the docketed case should review the supplemental notice of determination to ensure that it complies with the Tax Court's order. Chief Counsel Notice CC–2007–006 (Feb. 23, 2007) was superseded and incorporated into Chief Counsel Notice CC–2009–010 (Feb. 13, 2009), which expired on May 15, 2009. However, the procedural aspects of these Chief Counsel notices have been incorporated into the Internal Revenue Manual (IRM) as of

March 11, 2009.[6] See IRM pt. 8.22.2.3 (Mar. 11, 2009). One or more of these versions of the guidelines were in force throughout the period during which Ms. Magee considered petitioner's case on remand.

We conclude that the conversations between Ms. Nunnink and Ms. Magee were solely procedural, ministerial, or administrative. Ms. Nunnink did not opine on the ultimate issues or discuss petitioner's credibility. Additionally, Ms. Nunnink did not question petitioner's motives, suggest terms under which an offer-in-compromise would be accepted, or recommend that respondent secure all of petitioner's assets. See *Drake v. Commissioner*, 125 T.C. at 209 (improper ex parte communication where memorandum to Appeals officer questioned motives of taxpayer's counsel); *Indus. Investors v. Commissioner*, T.C. Memo. 2007–93 (cover letter to Appeals officer was improper ex parte communication because letter told Appeals officer not to consider CDP hearing for previously filed lien, recommended that Government secure all assets owned by taxpayer, and suggested terms under which offer-in-compromise would be accepted). Rather, Ms. Nunnink provided legal advice on specific issues, such as

---

[6] In relevant part, Internal Revenue Manual pt. 8.22.2.3 (Mar. 11, 2009) states:

6. In Chief Counsel Notice (CC–2007–006), the IRS provided guidance on the application of the ex parte rules to communications between Chief Counsel attorneys and the hearing office when a CDP case is remanded by the Tax Court.

7. The following guidelines apply when a CDP case is remanded. The Counsel attorney working the docketed case should prepare a written memorandum addressed to the Office of Appeals explaining:

  A. the reasons why the court remanded the case to Appeals,

  B. any special requirements in the order (e.g., whether and to what extent to hold a new conference and whether the case must be reassigned to a new hearing officer),

  C. what issues the court has ordered Appeals to address on remand.

Note:

The memorandum should not discuss the credibility of the taxpayer or the accuracy of the facts presented by the taxpayer.

8. A request by a hearing officer for legal advice in connection with the remanded CDP case may be handled by the Counsel attorney who is handling the docketed Tax Court case, so long as that attorney did not give legal advice to an originating function (e.g., Collection) concerning the same issue in the same case. If the Counsel attorney provided such advice, Counsel should assign the request to another Counsel attorney who has not previously provided advice to a Service office concerning the same issue in the same case. Counsel should carefully tailor any legal advice to only answer the legal questions posed by Appeals, and the advice should not opine on how you should ultimately decide the issues in the Supplemental NOD. Consistent with Q&A11 of Rev. Proc. 2000–43, the advice does not have to be shared with the taxpayer or his representative at the time it is rendered. Also, neither the taxpayer nor his representative have a right to participate in any discussions between Appeals and Counsel with respect to the advice.

whether petitioner could challenge the underlying liability if he had received a notice of deficiency. We do not believe that such legal advice constitutes prohibited ex parte communications that should have been shared with petitioner.

Ms. Nunnink's review of Ms. Magee's draft supplemental notice of determination was not an impermissible ex parte communication. Ms. Nunnink's comments were meant to ensure that the supplemental notice of determination on remand complied with our order of December 19, 2008. For example, Ms. Nunnink asked Ms. Magee to clarify her position in the supplemental notice of determination and asked her to attach additional documents.

Additionally, Ms. Nunnink's inclusion of the certified mail list in the administrative record on remand was ministerial, procedural, or administrative. See Rev. Proc. 2000–43, sec. 3, Q&A–6. We remanded this case to the Appeals Office specifically for the purpose of having it "[clarify] the record regarding the issue of what the Appeals officer relied upon in determining that the notice of deficiency was properly sent to petitioner." Given our mandate on remand, Ms. Nunnink's actions were not prohibited ex parte communications. Evidence of a certified mail list is precisely what the Court sought by remand. Ms. Nunnink's actions in finding the certified mail list and placing it in the administrative record on remand do not "appear to compromise the independence of the appeals [officer]." See RRA sec. 1001(a)(4). Moreover, petitioner was sent a copy of the letter to Mr. Whitely, which gave him notice of the addition of the certified mail list to the administrative record on remand and allowed him to raise that issue with Ms. Magee.

Accordingly, we conclude that Ms. Nunnink and Ms. Magee did not engage in prohibited ex parte conduct or communications.

Respondent has provided notice to petitioner that he seeks to introduce the administrative record on remand into evidence. Petitioner objects to the admission into evidence of the administrative record on remand on the basis that it is inadmissible hearsay that lacks trustworthiness.

We need not rule on petitioner's hearsay objection at this time because the initial consideration by this Court of the administrative record on remand will be for the limited purpose, see Fed. R. Evid. 105, of establishing what information

was available to the Appeals Office when preparing the supplemental notice of determination; and, for that purpose, admission of the administrative record on remand for the truth of the matters contained therein is not necessary. We note that if respondent offers documents from that record at trial for the truth of the matters contained therein, petitioner may make any appropriate objections at that time. We also note that, absent stipulation of the administrative record on remand, respondent must authenticate it at trial.

Petitioner also contends that respondent may not refile the NFTL. Respondent contends that he may refile the NFTL pursuant to section 6325(f).

Pursuant to section 6321, if a person liable for a tax fails to pay it after a demand for payment is made, a lien arises in favor of the United States upon all property and rights to property belonging to such person for the unpaid amount, including interest. The lien arises when the tax is assessed and continues until the underlying liability is satisfied or becomes unenforceable by reason of lapse of time. Sec. 6322. Section 6323 authorizes the Commissioner to file notice of that lien; i.e., an NFTL. The NFTL establishes the lien's priority over subsequent buyers of the property, holders of security interests in the property, judgment-lien creditors, and mechanic's lienholders. See sec. 6323(a).

Generally, an NFTL must be refiled during the 1-year period ending 10 years and 30 days after the date of assessment (the refiling period). Sec. 6323(g). If the Commissioner fails to refile the NFTL during the refiling period, the NFTL generally is not effective after the expiration of that period against any person with an interest in property subject to the lien. Sec. 301.6323(g)–1(a)(3), Proced. & Admin. Regs. However, section 301.6323(g)–1(a)(3)(i), Proced. & Admin. Regs., provides an exception to this general rule: the failure to refile the NFTL during the refiling period will not affect the effectiveness of the NFTL with respect to property that is the subject matter of a suit filed before the expiration of the refiling period to which the Government is a party. [7] Even if

---

[7] On Apr. 4, 2011, the IRS released final regulations amending portions of sec. 301.6323(g)–1(a), Proced. & Admin. Regs. T.D. 9520, 2011–18 I.R.B. 730. Those amendments apply to any NFTL filed on or after Apr. 4, 2011. Under the amended regulations, the release of a Federal tax lien on property that is the subject of litigation to which the Government is a party will not affect the Government's priority in such property as long as the suit was commenced before

Continued

the NFTL is not refiled during the refiling period, provided the lien remains in existence the Commissioner may still file a new NFTL, which will be effective from the date it is filed. Sec. 301.6323(g)–1(a)(4), Proced. & Admin. Regs.

The Commissioner may withdraw an NFTL before the underlying tax is paid if it is determined that: (1) The NFTL was prematurely filed or otherwise not in accordance with IRS procedures; (2) the taxpayer has agreed to an installment agreement; (3) withdrawal of the NFTL will facilitate collection; or (4) withdrawal of the NFTL is in the best interests of the taxpayer and the United States. Sec. 6323(j)(1). Withdrawal does not affect the underlying lien. Sec. 301.6323(j)–1(a), Proced. & Admin. Regs.

The Commissioner must issue a certificate releasing a lien within 30 days after he determines that the entire tax liability (including interest) has been paid or becomes legally unenforceable, or if the taxpayer posts an acceptable bond. Sec. 6325(a). If the Commissioner determines that a certificate of release was issued improvidently or erroneously and if the period of limitations for collecting the underlying liability has not expired, the Commissioner may revoke the certificate of release and reinstate the lien. Sec. 6325(f)(2). A certificate of release is not conclusive proof that the liability is extinguished. See *Boyer v. Commissioner*, T.C. Memo. 2003–322. The underlying tax liability that is the subject of the NFTL remains until the tax is paid in full or the period of limitations on collection expires. See *id.*; sec. 301.6325–1(a)(1), Proced. & Admin. Regs.

Generally, the Commissioner has 10 years from the date of assessment to collect the tax due. Sec. 6502(a). However, if the taxpayer requests an administrative review of an NFTL, the period of limitations is suspended during the period of that hearing, and appeals therein. Secs. 6320(c), 6330(e).

On August 26, 1996, respondent assessed the tax in issue. Petitioner timely requested an administrative review of the original NFTL, and subsequently, in the instant case, requested judicial review of that proceeding. As a decision in the instant case has not yet become final, the period of limitations on collection remains suspended. See secs. 6320(c), 6330(e). The original NFTL indicated that unless

the date the lien was released. Sec. 301.6323(g)–1(a)(3)(i), Proced. & Admin. Regs.

refiled by September 25, 2006, it would constitute a certificate of release of lien. The NFTL was not refiled by that date. On March 3, 2009, respondent filed a revocation of certificate of release of Federal tax lien and immediately thereafter refiled the NFTL. Consequently, respondent refiled the NFTL within the limitations period for collection.

Respondent's lien for the underlying tax reflected in the NFTL remains in existence because the period of limitations on collections has been suspended by the instant proceedings. See secs. 6322, 6330(e). The NFTL was refiled with the Clerk of Court of Jefferson Parish, Louisiana, in accordance with section 6323(f).[8] See La. Rev. Stat. Ann. sec. 52:52 (2004). Consequently, we conclude that respondent's refiling of the NFTL is not grounds for dismissal of the instant case in petitioner's favor. Accordingly, we will deny petitioner's motion to dismiss respondent's lien.

To reflect the foregoing,

*An appropriate order will be issued.*

[8] Petitioner does not contend that respondent failed to follow proper procedures in refiling the NFTL.