WILLIAM C. THOMPSON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thompson v. Comm'r
Docket No. 11905-11L.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 56; 2012-2 U.S. Tax Cas. (CCH) P50,446; August 17, 2011, Entered
*56 For Petitioner: William Scott, Phinney, Tualatin, OR.
For Respondent: Nhi T, Luu, Portland, OR.
Robert N. Armen, Special Trial Judge.
Robert N. Armen
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On July 19, 2011, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on the ground that "no Notice of Determination Concerning Collection Action(s) Under I.R.C. Sections 6320 or 6330 was sent to petitioner for taxable years 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2006, nor has respondent made any other determination with respect to these taxable years that would confer jurisdiction on this Court." In support of his motion, respondent states that based on a diligent search of respondent's records keep in the normal course of business, no notice of determination under I.R.C. section 6320 or 6330 or other jurisdictionally-relevant notice for the taxable years 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, or 2006 has been sent to petitioner. On August 8, 2011 petitioner filed an Objection to respondent's motion to dismiss.
In the petition filed May 20, 2011, petitioner seeks review of a purported notice of determination concerning *57 collection action dated April 14, 2011. However, no notice of determination under I.R.C. section 6320 or 6330 was attached to the petition. Rather, petitioner attached an IRS letter dated April 14, 2011, issued by respondent's Appeals Office in Portland, Oregon rejecting petitioner's offer to compromise his 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2006 unpaid Federal income tax liabilities.
SERVED Aug 17 2011
The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976). In addition, jurisdiction must be proven affirmatively, and a party invoking our jurisdiction bears the burden of proving that the Court has jurisdiction over that party's case. See Fehrs v. Commissioner, 65 T.C. 243, 246, 248 (1975); Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 180 (1960); National Comm. To Secure Justice, Etc. v. Commissioner, 27 T.C. 837, 839 (1957). In order to meet this burden, the party must establish affirmatively all facts giving rise to our jurisdiction. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, supra; *58 Consolidated Co. v. Commissioner, 15 B.T.A. 645, 651 (1929).
In a collection review action, this Court's jurisdiction under I.R.C. sections 6320 and 6330 depends, in part, on the issuance of a notice of determination by respondent's Office of Appeals after the taxpayer has requested an administrative hearing following the issuance by respondent's collection division of either a final notice of intent to levy, see I.R.C. section 6330(a), or a notice of filing of Federal tax lien, see I.R.C. section 6320(a). See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b), Tax Court Rules of Practice and Procedure.When respondent's Appeals Office issues a notice of determination following the administrative hearing, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such determination letter to file a petition for review with the Tax Court. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000). Thus, in the absence of a notice of determination under I.R.C. section 6320 or 6330, this *59 Court lacks jurisdiction in respect of a collection matter. See discussion in Andre v. Commissioner, 127 T.C. 68, 69-70, 73-74 (2006).
In the instant case, there is nothing to demonstrate that respondent's collection division issued either a final notice of intent to levy or a notice of filing of Federal tax lien in respect of any of the taxable years that petitioner wishes to place in issue. That being the case, petitioner would have had no occasion to file a request for a so-called collection due process hearing, and respondent's Appeals Office would not have had any reason to either offer such a hearing or to issue a notice of determination within the meaning of I.R.C. section 6320 or 6330. And, as the record demonstrates, no such notice of determination has been issued.
Petitioner was served with respondent's motion to dismiss and, on August 8, 2011, filed an Objection thereto. In petitioner's Objection, petitioner asserts that the offer-in-compromise rejection letter dated April 14, 2011, should be treated as a notice of determination. Petitioner argues that I.R.C. section 7122(e) gives taxpayers the right of appeal from a denial of an offer-in-compromise. I.R.C. section 7122(e) *60 does give taxpayers the right to appeal such a rejection; however, such appeal is an administrative review by respondent's Appeals Office and not judicial review within the context of I.R.C. section 6320 and 6330 and this Court's jurisdiction. See I.R.C. sec. 6330(d)(1).
Thus, contrary to petitioner's arguments, the IRS Appeals Office letter dated April 14, 2011, is not a notice of determination under I.R.C. section 6320 or 6330. See Andre v. Commissioner, supra. Consequently, this case must be dismissed for lack of jurisdiction because no notice of determination under I.R.C. section 6320 or 6330 was issued in respect of any of petitioner's 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2006 taxable years. Sarrell v. Commissioner, supra; Offiler v. Commissioner, supra.
Premises considered, it is
ORDERED that respondent's Motion To Dismiss For Lack Of Jurisdiction, filed July 19, 2011, is granted, and this case is dismissed for lack of jurisdiction for want of a notice of determination prescribed by I.R.C. section 6320 or 6330.
(Signed) Robert N. Armen
Special Trial Judge
Entered: AUG 17 2011