T.C. Memo. 2013-260

UNITED STATES TAX COURT

WILLIAM C. THOMPSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11350-12L.                    Filed November 14, 2013.[1]

William Scott Phinney, for petitioner.

Nhi T. Luu, for respondent.

MEMORANDUM OPINION

GUY, Special Trial Judge: This collection review case is before the Court

on respondent's motion to dismiss for lack of jurisdiction filed February 22, 2013.[1]

-----

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code), as amended and in effect at all relevant times, and Rule
references are to the Tax Court Rules of Practice and Procedure. All monetary
amounts are rounded to the nearest dollar.

[*2] Petitioner filed an objection to respondent's motion on March 26, 2013. The Court conducted an evidentiary hearing in this case in Portland, Oregon, on April 16, 2013, and counsel for both parties appeared and were heard.

Background

Petitioner failed to file Federal income tax returns for 1993, 1994, and 1995 (years in issue), and on August 5, 1996, respondent prepared substitutes for returns pursuant to section 6020(b). Sometime in late 1999 or early 2000 respondent issued notices of deficiency to petitioner for the years in issue. Petitioner did not file a petition for redetermination with the Court, and on April 17, 2000, respondent entered assessments against petitioner and issued notices of balances due for the following amounts:

| | | Additions to tax | | |
|------|------------|----------------|--------------|----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) | Interest |
| 1993 | $95,493 | $23,873 | $4,001 | $78,180 |
| 1994 | 41,481 | 10,370 | 2,153 | 26,943 |
| 1995 | 22,944 | 5,736 | 1,244 | 11,449 |

Petitioner failed to pay the amounts due.[2]

On April 13, 2001, respondent issued to petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing (2001 CDP notice), for the

---

[2]Respondent subsequently assessed nominal amounts for collection fees and costs for the years in issue.

[*3] years in issue. On May 16, 2001, respondent filed a notice of Federal tax lien (NFTL) in Dallas County, Texas (Texas NFTL), in respect of the amounts due for the years in issue.

Four years later, on July 26, 2005, respondent issued to petitioner a second CDP notice for the years in issue. On July 28, 2005, respondent filed an NFTL with the Oregon secretary of state (Oregon NFTL). The Texas NFTL and the Oregon NFTL stated in pertinent part: "With respect to each assessment below [a reference to the assessments listed by the Court in the table above], unless notice of lien is refiled by the date in column (e) [May 17, 2010], this notice shall constitute the certificate of release of lien as defined in IRC 6325(a)."[3] Respondent subsequently filed NFTLs in several other local jurisdictions throughout the State of Oregon.

Petitioner did not submit to the Internal Revenue Service Office of Appeals (Appeals Office) a request for an administrative hearing under section 6320 in response to either of the aforementioned CDP notices.

On October 20, 2008, respondent entered assessments against petitioner for additions to tax under section 6651(a)(3) (for failure to pay tax required to be

---

[3]Sec. 6323(g)(3)(A) provides in relevant part that the Secretary may refile an NFTL during the 1-year period ending 10 years and 30 days after the date tax is assessed.

[*4] shown on a return) of $23,873, $10,370, and $5,736, for the taxable years 1993, 1994, and 1995, respectively.[4]

On May 20, 2011, petitioner filed a petition with the Court at docket No. 11905-11L seeking review of a proposed levy for the years 1993 to 2004 and 2006. The Court dismissed the case by order of dismissal for lack of jurisdiction entered August 17, 2011, on the ground respondent did not issue to petitioner a notice of determination that would permit him to invoke the Court's jurisdiction. Petitioner filed an appeal with the U.S. Court of Appeals for the Ninth Circuit. During the course of the appeal the Government filed a motion with the Court of Appeals stating that, contrary to information provided to this Court, a notice of determination concerning a proposed levy had been issued to petitioner on August 11, 2009, in respect of his tax liabilities for 1993 to 1995 and 1999 to 2004, and, therefore, the Court lacked jurisdiction on the ground the petition was not filed within the 30-day period prescribed in section 6330(d)(1). On October 31, 2012, the Court of Appeals issued an unpublished memorandum

---

[4]Sec. 6651(a)(3) provides for an addition to tax in the event a taxpayer fails to pay any amount in respect of any tax required to be shown on a return specified in sec. 6651(a)(1) which is not so shown within 21 calendar days from the date of notice and demand therefor or 10 business days if the amount for which such notice and demand is made equals or exceeds $100,000.

[*5] affirming the dismissal of the case for lack of jurisdiction on the alternative ground the petition for review was not timely filed.[5]

In the meantime, respondent did not refile the NFTLs in Texas or Oregon. Consequently, by their express terms, the Texas and Oregon NFTLs served as certificates of release of lien, and the underlying lien was automatically released on May 17, 2010. Respondent subsequently determined that the periods of limitation governing collection remained open for the years in issue and that the lien had been released in error.[6] Accordingly, on May 26, 2011, respondent filed with the Oregon secretary of state a Form 12474(A), Revocation of Certificate of Release of Federal Tax Lien, which stated in pertinent part: "I certify that we mistakenly allowed a Notice of Federal Tax Lien filed against * * * [petitioner] to operate as a Certificate of Release. I declare that the automatic release of the Notice of Federal Tax Lien is revoked and that the lien is reinstated as provided

---

[5]The Court of Appeals stated in its memorandum that, although petitioner was directed to file a response to the Government's motion, he failed to do so.

[6]Respondent determined that the periods of limitation governing collection against petitioner were tolled while the Appeals Office conducted an administrative hearing in respect of a proposed levy for the years in issue, see sec. 6330(e), and while the Appeals Office reviewed petitioner's proposed offer-in-compromise, see sec. 6331(k).

[*6] under Internal Revenue Code Section 6325(f)(2)."[7]  On June 6, 2011, respondent sent a copy of the Form 12474(A) to petitioner.[8]

On June 17, 2011, respondent executed an NFTL in respect of petitioner's unpaid tax liabilities for 1993 to 2003 (2011 NFTL).  Although respondent subsequently mailed the 2011 NFTL to the Oregon secretary of state, the record does not reflect the date it was mailed or delivered.  On June 23, 2011, the Appeals Office received from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated June 22, 2011, indicating that he was challenging an NFTL and a proposed levy for the years in issue.  On June 24, 2011, the Oregon secretary of state recorded the 2011 NFTL, and on June 28, 2011, respondent issued to petitioner a CDP notice informing him of his right to request an administrative hearing.

On April 4, 2012, the Appeals Office sent a letter to petitioner responding to his request for an administrative hearing.  The letter states in pertinent part that the Secretary acted appropriately in issuing Forms 12474(A) and petitioner's

---

[7]Respondent issued several other Forms 12474(A) in respect of various NFTLs filed in Oregon and Oklahoma.  There is no indication in the record that respondent issued a Form 12474(A) in respect of the Texas NFTL.

[8]Petitioner contends that the periods of limitation governing collection have expired for the years in issue and that respondent is barred from reinstating the lien.

**[\*7]** request for an administrative hearing was not timely in the light of his failure to respond to the CDP notice issued to him on April 13, 2001.[9]

On May 7, 2012, petitioner filed with the Court a petition seeking review of the Appeals Office letter dated April 4, 2012.[10]  Respondent moves to dismiss the petition on the ground the Appeals Office letter does not constitute a notice of determination under section 6320 or 6330 that would permit petitioner to invoke the Court's jurisdiction.

## Discussion

Section 6201(a)(1) provides in relevant part that the Secretary is authorized and required to assess all taxes determined by a taxpayer or the Secretary on returns made in accordance with the Code.  The Secretary normally has 10 years from the date of assessment to collect tax that is due.  Sec. 6502(a)(1).

If a person liable for a tax fails to pay it after a demand for payment is made, see sec. 6303, a lien arises in favor of the United States upon all property and rights to property belonging to such person for the unpaid amount, including

---

[9]As discussed in greater detail below, respondent now concedes that petitioner is entitled to an administrative hearing under sec. 6320 in respect of the sec. 6651(a)(3) additions to tax assessed in 2008.

[10]The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark dated April 30, 2012.  It appears that petitioner was residing in Oregon at the time the petition was filed.

[*8] interest, see sec. 6321. The lien imposed by section 6321 arises when the tax is assessed pursuant to section 6201 and continues until the underlying liability is satisfied or becomes unenforceable by reason of lapse of time. Sec. 6322. The lien imposed by section 6321 is not valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor, however, until the Secretary files an NFTL as described in section 6323(f). See sec. 6323(a). Section 6320(a) provides that the Secretary shall notify the person described in section 6321 of the filing of an NFTL under section 6323 and that such notice shall inform the person of his or her right to request an administrative hearing with the Appeals Office.

The Secretary must issue a certificate of release of a lien within 30 days after the day on which he determines that the liability for the amount assessed has been fully satisfied or becomes legally unenforceable. Sec. 6325(a)(1). If the Secretary determines that a certificate of release of lien was issued improvidently or erroneously, however, and if the period of limitation governing collection of the underlying liability has not expired, the Secretary may revoke the certificate of release of lien and reinstate the lien by mailing notice of such revocation to the person against whom the tax was assessed, at his last known address, and by filing notice of such revocation in the same office in which the NFTL to which it relates

**[*9]** was filed.  Sec. 6325(f)(2)(A) and (B); sec. 301.6325-1(f)(2), Proced. & Admin. Regs.  The flush language of section 6325(f)(2) provides that a reinstated lien shall have the same force and effect, until the expiration of the period of limitation on collection after assessment, as a lien imposed by section 6321.  The underlying tax liability that is the subject of a reinstated lien remains until the tax is paid in full or the period of limitation on collection expires.  See sec. 301.6325-1(f)(2)(iii)(b), Proced. & Admin. Regs.; see also Hoyle v. Commissioner, 136 T.C. 463, 474 (2011).

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review.  See Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); see also Rule 330(b).  Section 6330(d)(1) provides that a taxpayer has 30 days following the issuance of a notice of determination by the Appeals Office to file a petition for review with the Court.  See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  In the absence of a notice of determination, however, the Court lacks jurisdiction to

[*10] review the filing of an NFTL or a proposed levy pursuant to section 6320 or 6330. See Lunsford v. Commissioner, 117 T.C. 159, 161 (2001).

Respondent contends that the Court should dismiss this case on the ground that the Appeals Office letter dated April 4, 2012, is not a notice of determination that would permit petitioner to invoke the Court's jurisdiction pursuant to sections 6320 and 6330. Petitioner asserts that the Secretary's decision to issue Form 12474(A) revoking the certificate of release of lien and to refile an NFTL with the Oregon secretary of state provided him with the right (which he asserts he timely exercised) to request an administrative hearing pursuant to section 6320. Petitioner further avers that the Appeals Office letter dated April 4, 2012, denying his request for a hearing should be treated as the equivalent of a notice of determination consistent with the Court's holding in Craig v. Commissioner, 119 T.C. 252, 258-259 (2002).

Under the unique circumstances of this case, we conclude that the Appeals Office letter dated April 4, 2012, served as a notice of determination only insofar as it embodied respondent's determination to proceed with collection of the assessments respondent entered in October 2008. For clarity, we will first discuss the relationship between the Appeals Office letter and the assessments respondent

**[\*11]** entered in April 2000, and then we will turn to the assessments respondent entered in October 2008.

Assessments Entered in April 2000

Respondent entered assessments against petitioner for tax, additions to tax under sections 6651(a)(1) and 6654(a), and interest on April 17, 2000. Those assessments were included in the unpaid amounts listed in the Texas NFTL which was the subject of the 2001 CDP notice. The record reflects that petitioner failed to submit to respondent a request for an administrative hearing in respect of the 2001 CDP notice. Petitioner has not suggested that the 2001 CDP notice was not sent to his last known address or that it is otherwise invalid.[11]

Upon the issuance of a CDP notice, a taxpayer normally is entitled to one administrative hearing with respect to the taxable period to which the unpaid tax relates. Sec. 6320(b)(2); Freije v. Commissioner, 131 T.C. 1, 5 (2008), aff'd, 325 Fed. Appx. 448 (7th Cir. 2009). If the taxpayer does not timely request an administrative hearing in response to a CDP notice regarding an NFTL, he or she forgoes the right to an administrative hearing and judicial review in respect of the original NFTL as well as any subsequent NFTLs the Secretary might file for the

---

[11]It is worth noting that petitioner did not take any action in response to the second CDP notice issued to him on July 26, 2005, in respect of the Oregon NFTL.

[*12] same taxable periods and the same unpaid tax liabilities. See Inv. Research Assocs., Inc. v. Commissioner, 126 T.C. 183, 191 (2006) (finding taxpayer did not submit a timely request for an administrative hearing with the Appeals Office following the issuance of a CDP notice regarding an NFTL filed in Florida, and, therefore, the taxpayer was not entitled to an administrative hearing after the Secretary filed a second NFTL in Illinois for the same taxable periods); sec. 301.6320-1(b)(2), Q&A-B1, Proced. & Admin. Regs.

Petitioner was entitled to request an administrative hearing in response to the 2001 CDP notice issued to him in respect of the Texas NFTL, but he failed to do so. Consistent with the Court's holding in Inv. Research Assocs., petitioner's opportunity under section 6320 for an administrative hearing and judicial review of the Texas NFTL, as well as all subsequent NFTLs the Secretary filed for the same taxable periods and in respect of the same unpaid tax liabilities, has long since expired.

Petitioner cites no authority for the proposition that the Forms 12474(A) (notice of revocation of certificate of release of lien) that the Secretary issued in this case provided an opportunity for an administrative hearing and/or judicial review under section 6320, and we are aware of none. As previously discussed, section 6325(f)(2) and the regulations underlying that provision prescribe a

**[*13]** procedure under which the Secretary may revoke a certificate of release of lien and reinstate the underlying lien by sending notice of such revocation to the person against whom the tax was assessed, at his last known address, and by filing notice of such revocation in the same office in which the NFTL to which it relates was filed. Sec. 6325(f)(2)(A) and (B); sec. 301.6325-1(f)(2), Proced. & Admin. Regs. The flush language of section 6325(f)(2) provides that a lien reinstated in this manner shall have the same force and effect, until the expiration of the period of limitation on collection after assessment, as a lien imposed by section 6321. It is noteworthy that the notice of revocation of certificate of release of lien described in section 6325(f)(2) is designed to serve a specific statutory purpose, and the provision makes no mention of the administrative proceeding described in section 6320.

We hold that the notice of revocation of certificate of release of lien that the Secretary issued in this case did not provide petitioner a new opportunity for an administrative hearing and/or judicial review under section 6320 in respect of his liability for the tax, additions to tax, and interest that respondent assessed in April 2000. Because the 30-day period within which petitioner could request an administrative hearing in response to the 2001 CDP notice expired long before petitioner requested an administrative hearing in June 2011, the Appeals Office

[*14] letter dated April 4, 2012, correctly stated that petitioner was not entitled to an administrative hearing in respect of the assessments entered in April 2000.

Under the circumstances, we agree with respondent that the Appeals Office letter should not be treated as the equivalent of a notice of determination for this purpose. See Kennedy v. Commissioner, 116 T.C. 255, 263 (2001) (holding that the Court lacks jurisdiction to review a decision letter issued following an "equivalent hearing" where the taxpayer failed to make a timely request for an administrative hearing). Consistent with the foregoing, we will dismiss for lack of jurisdiction and strike so much of the petition as seeks review of the items that respondent assessed in April 2000.

Assessments Entered in October 2008

On October 20, 2008, respondent assessed additions to tax under section 6651(a)(3) for the years in issue. These assessments were included in the unpaid amounts listed in the 2011 NFTL.[12] Although respondent now concedes that petitioner is entitled to an administrative hearing under section 6320 to review those assessments,[13] he still maintains that the Court lacks jurisdiction to review

---

[12]These assessments were, of course, not included in the unpaid amounts listed in the Texas or Oregon NFTLs.

[13]Respondent cites sec. 301.6320-1(d)(2), Q&A-D1, Proced. & Admin.

(continued...)

**[*15]** those items in this case because the Appeals Office denied petitioner's request for an administrative hearing as set forth in its letter dated April 4, 2012. We disagree.

A request for an administrative hearing under section 6320 must be filed during the 30-day period beginning on the day after 5 business days after the day of the filing of an NFTL. Sec. 6320(a)(3)(B). Section 301.6320-1(c)(2), Q&A-C3, Proced. & Admin. Regs., provides in relevant part: "Any request filed during the five business day period (before the beginning of the 30-day period) will be deemed to be filed on the first day of the 30-day period." See Andre v. Commissioner, 127 T.C. 68, 74 n.3 (2006).

As previously discussed, on June 23, 2011, the Appeals Office received from petitioner a Form 12153 dated June 22, 2011, indicating that he was challenging an NFTL and a proposed levy for the years in issue. Respondent

---

[13](...continued)
Regs., which provides in relevant part that a taxpayer "may receive more than one CDP hearing under section 6320 with respect to a tax period where * * * the same type of tax for the same period is involved, but where the amount of the unpaid tax has changed as a result of an additional assessment of tax * * * or an additional accuracy-related or filing-delinquency penalty has been assessed." Respondent states that, although the regulations do not refer to the assessment of an addition to tax under sec. 6651(a)(3) as a circumstance justifying a second CDP hearing, "the Service has taken the position that the regulations should be interpreted to include these additions to tax."

[*16] acknowledges that he mailed the 2011 NFTL to the Oregon secretary of state sometime between June 17 (when it was executed) and June 24 (when it was recorded) and that the 2011 NFTL is considered to have been filed when it was first received by the Oregon secretary of state. See, e.g., Tracey v. United States (In re Tracey), 394 B.R. 635, 640-641 (BAP 1st Cir. 2008). Given the relatively short time between the date the NFTL was executed and the date it was recorded, we conclude that petitioner's Form 12153 was timely filed with respondent on June 23, 2011, i.e., within five business days after the NFTL was filed.[14]

It follows that the Appeals Office erred in failing to honor petitioner's timely request for an administrative hearing insofar as he was seeking review of the additions to tax assessed in 2008. Under the circumstances, we will treat the Appeals Office letter dated April 4, 2012, as the equivalent of a "determination" under sections 6320 and 6330. See Craig v. Commissioner, 119 T.C. at 259 (holding that an Appeals Office decision letter issued in connection with an "equivalent hearing" was a notice of determination sufficient to permit the taxpayer to invoke the Tax Court's jurisdiction where the taxpayer made a timely request for an administrative hearing). Nor is our analysis affected by the form of

---

[14]Respondent concedes that he cannot show that petitioner's Form 12153 was not timely filed.

**[*17]** the Appeals Office letter or the lack of a proper administrative hearing in this case. In <u>Lunsford v. Commissioner</u>, 117 T.C. at 164, we held that our jurisdiction "is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition." We went on to conclude that whether there was an appropriate hearing opportunity or whether the hearing was conducted properly is not a factor that precludes us from exercising our jurisdiction under sections 6320 and 6330. <u>Id.</u> at 164-165. Inasmuch as petitioner filed his petition with the Court within 30 days of April 4, 2012, we conclude that he timely invoked the Court's jurisdiction under section 6320. <u>See</u> sec. 7502.

To recapitulate, we hold that the Court lacks jurisdiction insofar as the petition seeks to challenge the tax, additions to tax, and interest that respondent assessed in April 2000. To that end, we will dismiss for lack of jurisdiction and strike so much of the petition as refers to those items. On the other hand, the Court has jurisdiction in this case insofar as the petition seeks review of the assessments entered against petitioner in October 2008. To provide for the orderly review and disposition of that matter, we will remand the case to the Appeals Office to conduct an administrative hearing and to issue a supplemental notice of determination.

**[*18]** As a final matter, we note that there is no evidence in the record of any proposed levy action other than the one that was the subject of the petition for review filed at docket No. 11905-11L. Because that matter was finally decided in 2012, as described above, it follows that the Court lacks jurisdiction to review a proposed levy in this case.

To reflect the foregoing,

<u>An appropriate order will be</u>

<u>issued</u>.