T.C. Memo. 2019-29

UNITED STATES TAX COURT

GARDINIER ASSOCIATES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14805-17L.                    Filed April 8, 2019.

Denise Gardinier (an officer), for petitioner.

Kathleen K. Raup and Ina Susan Weiner, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioner

seeks review of the Internal Revenue Service Office of Appeals determination to

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[*2] sustain the filing of a notice of Federal tax lien (NFTL) and a proposed levy. The issue before the Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that his determination to sustain the NFTL filing and the proposed levy should be sustained. Petitioner has not responded to the motion despite an order from this Court dated August 21, 2018, instructing it to do so.[2]

Background

Petitioner's principal place of business was in Pennsylvania when it filed its petition.

On August 23, 2016, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for: (1) unpaid liabilities from its Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for 2013, 2014, and 2015 and (2) unpaid liabilities from its Forms 941, Employer's Quarterly Federal Tax Return, for the last two quarters of 2013, all quarters in 2014 and 2015, and the second quarter of 2016. On January 19, 2017, respondent sent petitioner a Final Notice of Intent to

---

[2]Because petitioner failed to respond to respondent's motion, the Court could enter a decision against it for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits.

[*3] Levy and Notice of Your Right to a Hearing Under IRC 6330 for petitioner's unpaid liabilities from its Form 941 for the third quarter of 2016. Petitioner timely filed requests for collection due process (CDP) hearings for both the NFTL filing and the proposed levy. In the requests petitioner sought installment agreements.

Both of petitioner's CDP cases were assigned to Settlement Officer (SO) Edith Dermody. On January 18, 2017, SO Dermody sent petitioner a letter scheduling a conference call to conduct the CDP hearing for February 8, 2017. In the letter SO Dermody asked petitioner to submit within 14 days, among other things, proof of current payment compliance with required quarterly employment tax deposits and a Form 433-B, Collection Information Statement for Businesses.

Petitioner submitted the Form 433-B. On February 3, 2017, before the CDP hearing, SO Dermody informed petitioner that the Form 433-B was incomplete because it lacked an income and expense summary. SO Dermody held the telephone conference call with petitioner on February 8, 2017.[3] It appears from the case activity record that petitioner provided an illegible income and expense statement, and SO Dermody gave petitioner a deadline of February 22, 2017, to provide a revised statement.

---

[3]It appears that the call considered the CDP requests for both the NFTL filing and the proposed levy.

**[\*4]**   In the case activity record SO Dermody stated that petitioner never provided a revised income and expense statement.  Petitioner did not maintain payment compliance with its quarterly employment tax obligations for the first and second quarters of 2017, and SO Dermody stated in the case activity record that petitioner did not file a Form 941 for the first quarter of 2017.

On June 6, 2017, SO Dermody issued a notice of determination to petitioner sustaining the NFTL filing and the proposed levy because of its failure to maintain current payment compliance, file a Form 941 for the first quarter of 2017, and provide a legible income and expense statement.

Petitioner timely filed a petition with this Court acknowledging that it was not in compliance with its quarterly employment tax obligations for the first and second quarters of 2017 but disputing that it had not provided the information requested by SO Dermody.

Discussion

A.  Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).  Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a

**[\*5]** matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law.  FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).  In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party.  Bond v. Commissioner, 100 T.C. 32, 36 (1993).  However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

Petitioner failed to respond to respondent's motion as ordered by this Court and has failed to demonstrate that there is a genuine dispute for trial.  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

**[*6]** B.  Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying liability is not properly at issue, we review the Office of Appeals' determination for abuse of discretion only.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011); Goza v. Commissioner, 114 T.C. at 182.  A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law.  Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  This Court may consider such a challenge, however, only if the taxpayer properly raised it before the SO, Giamelli v. Commissioner, 129 T.C. 107, 115 (2007), and again in his petition to this Court, see Rule 331(b)(4).  An issue is not properly raised at the Office of Appeals if the taxpayer fails to request consideration of the issue or fails to present any evidence after being given a reasonable opportunity to do so.  Secs. 301.6320-1(f)(2), Q&A-

**[\*7]** F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) (citing Giamelli v. Commissioner, 129 T.C. at 114).

Petitioner did not challenge its underlying liabilities at the CDP hearing or in its petition. It is therefore not entitled to contest those liabilities in this Court, and we will therefore review the SO's determination only for abuse of discretion.

C. Analysis

In deciding whether the SO abused her discretion in sustaining the NFTL filing and the proposed levy, we review the record to determine whether she: (1) properly verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). SO Dermody complied with these requirements.

Petitioner conceded in its petition that it was not in compliance with its estimated quarterly employment tax obligations for the first and second quarters of 2017. Typically, current compliance with the revenue laws is a prerequisite to being eligible for a collection alternative. See Cox v. Commissioner, 126 T.C.

**[*8]** 237, 257-258 (2006), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008); Hennessey Manor Nursing Home, Inc. v. Commissioner, T.C. Memo. 2017-97, at *12.  Accordingly, SO Dermody did not abuse her discretion in rejecting a collection alternative on the ground of petitioner's noncompliance with its quarterly employment tax obligations.  We, therefore, need not address petitioner's other contention, and respondent's determination is sustained.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.