T.C. Summary Opinion 2020-13

UNITED STATES TAX COURT

MATTHEW KELLY CRANDALL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19359-18S L.                    Filed April 9, 2020.

Matthew Kelly Crandall, pro se.

<u>Bartholomew Cirenza</u> and <u>Ka C. Tam</u>, for respondent.

SUMMARY OPINION

RUWE, <u>Judge</u>:  This case was brought pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

The issue before this Court is whether to grant respondent's motion for summary judgment pursuant to Rule 121. Respondent contends that no genuine dispute as to any material fact remains and requests that we grant his motion.

Background

Petitioner resided in Maryland when he filed his petition.

On January 25, 2016, respondent issued petitioner a notice of deficiency in which he determined a deficiency in petitioner's Federal income tax of $2,553 for tax year 2013. The deficiency was primarily caused by a $6,475 distribution from petitioner's health savings account (HSA). The distribution was apparently caused by a bank error that linked petitioner's personal debit card to his HSA.

On December 29, 2017, respondent issued petitioner a notice of intent to levy related to unpaid tax for tax year 2013. The notice notified petitioner that he owed $3,371.69, which included a deficiency of $2,727.60, an additional interest charge of $184.55, and an additional penalty of $459.54.

Petitioner timely filed a request for a collection due process (CDP) hearing on Form 12153, Request for a Collection Due Process or Equivalent Hearing, which respondent received on January 30, 2018. Petitioner stated on the Form

12153 that the additional tax he owed was due to a bank error that incorrectly linked his debit card to his HSA account.

On May 29, 2018, Settlement Officer (SO) Bessy Lopez sent petitioner a letter that acknowledged receipt of the hearing request and proposed a hearing on June 15, 2018. Petitioner agreed and the hearing was held via telephone. During the hearing SO Lopez informed petitioner that previous information he had sent to respondent disputing his tax liability was incomplete and advised him to respond to a Letter 916C, No Consideration, that was previously sent to him. Petitioner and SO Lopez agreed that he would enter into an installment agreement.

On August 27, 2018, respondent issued petitioner a notice of determination determining that the levy collection would not be sustained because the parties had entered into an installment agreement.

Petitioner timely filed a petition with this Court on October 1, 2018.

## Discussion

### I. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a

matter of law.  <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law.  <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 116 T.C. 73, 74-75 (2001).  In deciding whether to grant summary judgment we view the evidence in the light most favorable to the nonmoving party.  <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993).  However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000).  On the basis of the record we conclude that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.

II.  <u>Standard of Review</u>

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  Where the taxpayer's underlying liability is not properly at issue, we review the Commissioner's

administrative determination for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011); Goza v. Commissioner, 114 T.C. at 182. In reviewing for abuse of discretion we will uphold the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner's primary argument is that the underlying tax liability is incorrectly assessed. A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Respondent issued petitioner a statutory notice of deficiency for tax year 2013 on January 25, 2016. Therefore, petitioner's underlying tax liability is not properly at issue. Accordingly, we will review SO Lopez's determination only for abuse of discretion. See Goza v. Commissioner, 114 T.C. at 182.

III. Analysis

In deciding whether SO Lopez abused her discretion in making her determination, we review the record to determine whether she: (1) properly verified that the requirements of applicable law and administrative procedure have

been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Our review of the record establishes that SO Lopez complied with these requirements.

Petitioner contends that SO Lopez did not sufficiently present him with all of his options at the CDP hearing. But SO Lopez complied with all of her legal obligations. Further, petitioner does not dispute that he agreed to enter into the installment agreement. Our jurisdiction is limited to review of abuse of discretion, and the record does not support a finding of any.

Finding no abuse of discretion in any respect, we will grant respondent's motion. In reaching our decision we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.