# United States Tax Court

T.C. Memo. 2023-78

HENRY SEGGERMAN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 11122-22L.                    Filed June 22, 2023.

————————

Henry Seggerman, pro se.

*Jane J. Kim* and *Mimi M. Wong*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, *Chief Judge*: The Petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) under IRC Section 6320 and/or 6330 (notice of determination) dated April 11, 2022, sustaining the filing of a Notice of Federal Tax Lien (NFTL) for the tax period ending May 31, 2001.

This is a collection due process (CDP) case regarding the collection of a restitution-based assessment (RBA) for the tax period ending May 31, 2001. The liability results from petitioner's entering into a cooperation agreement with the U.S. Department of Justice (DOJ) in *United States v. Seggerman*, No-13-CR-663 (S.D.N.Y. Aug. 27, 2019). We consider whether respondent's determination to sustain the NFTL filing was an abuse of discretion.

Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and regulation references are to the *Code of Federal Regulations*,

**Served 06/22/23**

[*2] Title 26 (Treas. Reg.), in effect at all relevant times. We round all monetary amounts to the nearest dollar.

FINDINGS OF FACT

Some of the facts are stipulated and so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this reference. Petitioner resided in New York when he timely filed his Petition.

The liability involved the filing of a false Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return. Petitioner was a co-executor of his father's estate. His father died on May 19, 2001, resulting in the RBA's being attributed to petitioner's tax period ending May 31, 2001.

The U.S. District Court for the Southern District of New York ordered that petitioner "shall pay restitution in the total amount of $4,218,140 to the United States Treasury." It required that payments be made in monthly installments of at least 10% of gross monthly income. The payments were to commence within 30 days after the judgment or release from custody, whichever was later. Petitioner paid $619,872 to the U.S. Treasury on June 11, 2019, as part of the cooperation agreement. He was released from custody in February 2020.

As a result of the RBA, the Internal Revenue Service (IRS) filed the NFTL against petitioner. On June 3, 2021, the IRS issued Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. The NFTL indicated an unpaid balance of $3,542,640 for the tax period ending May 31, 2001.

On July 13, 2021, petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. He included an attachment stating his reasons for the dispute: (1) he already paid part of the taxes owed and had not been credited; (2) he had adhered to the court-ordered payment schedule; and (3) the NFTL was filed prematurely.

On August 12, 2021, a settlement officer was assigned to petitioner's case. On September 16, 2021, the settlement officer held a telephone conference with petitioner. Petitioner argued that the NFTL should be withdrawn because it was affecting his ability to earn income; he did not have documentation to support this assertion. The settlement

[*3] officer explained that withdrawing the NFTL must be beneficial to both the taxpayer and the IRS to withdraw the NFTL. Petitioner was asked to prepare and submit Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with the most recent paystub from his employer and the last three bank statements by September 24, 2021.

Petitioner did not submit the requested information. The settlement officer allowed him until October 1, 2021, to respond or submit the requested information. On October 7, 2021, the settlement officer received a fax from petitioner with a Department of Corrections report, a prepared statement, and a paystub. The settlement officer granted petitioner an extension until October 15, 2021, to provide the completed Form 433–A. She granted him subsequent extensions to October 22, October 25, and finally November 1, 2021, to submit the completed Form 433–A, bank statements, and paystubs.

On November 3, 2021, the settlement officer received copies of petitioner's restitution paid in to the court, Form 433–A, bank statements, a paystub from his employer, and a Social Security statement. The settlement officer requested an Appeals Referral Investigation from IRS Collections Operations to analyze petitioner's ability to pay. On March 22, 2022, the settlement officer was informed that petitioner did not have the ability to pay more than the monthly amounts required of him by the district court. The settlement officer placed his account in currently not collectible status.

The settlement officer informed petitioner that his Appeals case would be closed, and the NFTL filing would be sustained until the balance was satisfied. The settlement officer received no response and on March 25, 2022, prepared the closing documents for petitioner's case.

OPINION

I. *Section 6320*

Section 6320 requires the Commissioner to notify a taxpayer of the filing of an NFTL. The notice must inform the taxpayer of his or her right to a CDP hearing on the propriety of the filing. *See* § 6320(a)(3)(B). In a section 6320 CDP hearing, taxpayers may raise any relevant issue or request the consideration of a collection alternative. *See* §§ 6320(c), 6330(c)(2)(A).

[*4]   An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if the taxpayer requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  *See* Treas. Reg. § 301.6320-1(f)(2), Q&A (F)(3).  A taxpayer may challenge the existence or amount of the underlying tax liability only if he or she did not receive a notice of deficiency or otherwise have a previous opportunity to dispute the liability.  *See* §§ 6320(c), 6330(c)(2)(B).

II.   *Standard of Review*

Section 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity.  Where the validity of the underlying tax is properly at issue, we review the matter de novo.  *Sego v. Commissioner*, 114 T.C. 604, 610 (2000).  Where the validity of the underlying tax is not properly at issue, we review the Commissioner's determination for abuse of discretion.  *Goza v. Commissioner*, 114 T.C. 176, 182 (2000).

Following the CDP hearing the settlement officer must determine whether proceeding with the proposed collection action is appropriate.  In making that determination the settlement officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any relevant issues raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  § 6330(c)(3); *see also Lunsford v. Commissioner*, 117 T.C. 183, 184 (2001).

This Court may review the settlement officer's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the CDP hearing.  §§ 6320(c), 6330(c)(1), (3)(A); *see also Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011).  A settlement officer is required to base the notice of determination, in part, on the verification obtained under section 6330(c)(1) by ensuring that all legal requirements have been followed.  *Hoyle*, 131 T.C. at 201–02; *see also* § 6330(c)(3).

Petitioner's underlying liability was determined by a criminal restitution order issued by the district court.  The underlying liability is not at issue in this judicial proceeding.  *See* § 6201(a)(4)(C) ("The amount of such [criminal] restitution may not be challenged by the person

**[\*5]** against whom assessed on the basis of the existence or amount of the underlying tax liability in any proceeding authorized under this title . . . ."); *Bontrager v. Commissioner*, 151 T.C. 213, 219 (2018).

Abuse of discretion is therefore the proper standard of review. Under that standard, we consider whether respondent's administrative determinations were "arbitrary, capricious, or without sound basis in fact or law." *Giamelli v. Commissioner*, 129 T.C. 107, 111 (2007).

III.  *Discussion*

Petitioner argues that he never fell behind on the district court's payment schedule and that the NFTL was prematurely filed and therefore should be withdrawn.  *See* § 6323(j)(1)(A) (providing for discretionary NFTL withdrawal if the notice was filed prematurely or not in accordance with administrative procedures).  Respondent argues that he is not bound by the district court's payment schedule because he has independent authority to collect RBAs.  Respondent also notes that petitioner and the DOJ stipulated in the cooperation agreement that "the existence of a payment plan set by the [c]ourt shall not bar Governmental collection efforts against any of the defendant's available assets."

We agree with respondent.  Section 6201(a)(4)(A) provides that "[t]he Secretary shall assess and collect the amount of restitution . . . for failure to pay any tax imposed under this title in the same manner as if such amount were such tax."  We have determined that section 6201(a)(4) was intended to "vest the Secretary with independent authority to assess and administratively collect criminal restitution." *Carpenter v. Commissioner*, 152 T.C. 202, 222 (2019), *aff'd*, 788 F. App'x 187 (4th Cir. 2019).  Respondent is not bound by the payment schedule set forth in the order for criminal restitution.  *See id.*  The NFTL was properly filed.

Petitioner next argues that the settlement officer abused her discretion in refusing to withdraw the NFTL.  He asserts that the NFTL should be withdrawn because it affects his ability to pay down the RBA and caused his retirement accounts to be closed out.  Petitioner submitted documents which demonstrated his ability to pay, but he did not submit evidence showing how the NFTL affected his income or his retirement accounts.  Although his retirement accounts were closed, there is no evidence linking the closure to the NFTL.

**[*6]** We may consider only issues that had been raised properly when the Appeals officer made her determination. *See Giamelli*, 129 T.C. at 115. The taxpayer does not properly raise an issue during the hearing if he fails to present to Appeals any evidence with respect to the issue after being given a reasonable opportunity to present it. *See* Treas. Reg. § 301.6320-1(f)(2), Q&A (F)(3). Since petitioner did not submit evidence demonstrating how the NFTL negatively affected his income or led to the closure of his retirement accounts, there is no abuse of discretion.

Even if petitioner had submitted evidence showing how the NFTL affected his income or his retirement accounts, it is still within respondent's discretion to withdraw the NFTL. *See* Treas. Reg. § 301.6323(j)-1(c) ("If the Commissioner determines conditions for withdrawal are present, the Commissioner *may (but is not required to)* authorize the withdrawal." (Emphasis added.)). We do not think that the settlement officer abused her discretion in determining that the NFTL should remain in place.

The record reflects that the settlement officer satisfied all requirements of section 6330(c)(3). Petitioner does not dispute that. In conducting her analysis, we note that the settlement officer had petitioner's financial information reviewed to determine his ability to pay the RBA. Since neither his income nor assets were sufficient to pay the entire amount due, the settlement officer determined that it was not in the Government's best interest to withdraw the NFTL. *See* § 6323(j)(1)(D) (providing that the Commissioner may withdraw a notice of lien if it is in the best interest of the taxpayer *and* the United States). We do not think it was an abuse of discretion to deny the NFTL withdrawal request on that basis.

IV.    *Conclusion*

We conclude that the settlement officer did not abuse her discretion. Therefore, we will sustain respondent's NFTL filing.

We have considered all of the arguments made and the facts presented, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered.*