# United States Tax Court

T.C. Summary Opinion 2023-27

MARK P. HAFNER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 4514-21SL.                               Filed August 29, 2023.

————————

Mark P. Hafner, pro se.

*Zachary T. King* and *Martha Jane Weber*, for respondent.

## SUMMARY OPINION

WEILER, *Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

This is a collection due process (CDP) case in which petitioner seeks review pursuant to section 6330 of a determination by the Internal Revenue Service (IRS or respondent) Independent Office of Appeals[2] (Appeals) upholding a proposed levy collection action for tax periods

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

ending June 2014, September 2014, December 2014, and March 2015 (periods at issue).

Following a brief trial the issues for decision are (1) whether petitioner is entitled to contest the section 6672 trust fund recovery penalty (TFRP) liabilities for the periods at issue and (2) whether Appeals' decision upholding the IRS's levy action and denying petitioner's collection alternatives was an abuse of discretion. For the reasons set forth below, we will affirm Appeals' determination.

*Background*

This case was tried during the Court's Mobile, Alabama, trial session. After trial the parties filed a Stipulation of Facts, which includes the administrative record. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Florida when he timely filed the Petition.

I.   *Tax Liabilities*

Petitioner's TFRP liabilities for the periods at issue stem from being a manager and equal owner, along with Edward Perillo and James Licursi, of Cinco Investments, LLC (Cinco), a Florida limited liability company. Cinco owned and operated a restaurant called "Mango's on the Bayou" in Fort Walton Beach, Florida. Each member of Cinco had the authority to transact business on its behalf. Petitioner accounted for the employment taxes of Cinco and was principally responsible for the filing of Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, and Forms 941, Employer's Quarterly Federal Tax Return, during the periods at issue. Additionally, petitioner was a signatory on Cinco's bank accounts and was authorized to issue checks, to effect deposits, and to make payments therefrom. The TFRP liabilities stem from Cinco's operation of Mango's on the Bayou.

In 2014 Revenue Officer (RO) Lisa Henderson was assigned to the collection of the outstanding employment tax liabilities of Cinco. On July 16, 2015, RO Henderson prepared and forwarded Form 4183, Recommendation re: Trust Fund Recovery Penalty Assessment, to her group manager, who, on July 17, 2015, approved the assessment of the TFRPs against petitioner for the periods at issue. Form 4183 indicates RO Henderson's determination that petitioner is "willful and responsible for [the] TFRP assessment."

On July 23, 2015, the IRS issued petitioner Letter 1153 and Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, which were mailed via certified mail to his last known address in Crestview, Florida. Respondent supplied a copy of U.S. Postal Service Form 3811, Domestic Return Receipt, which evidences that petitioner received and accepted Letter 1153 and Form 2751. Petitioner does not dispute that the signature on the Form 3811 is his own signature.

Form 2751 apprised petitioner that Cinco had failed to pay over employment taxes and that he was responsible for the TFRP liabilities[3] for the periods at issue. Letter 1153 informed petitioner of his right to appeal the IRS's determination to the local Appeals Office, which he exercised by faxing a written protest of the TFRPs on September 21, 2015. In his protest, petitioner disagreed with the finding that he was a responsible person under section 6672 and argued that he lacked the requisite knowledge of the payroll tax liabilities and the capacity to pay them. By letter dated October 9, 2015, petitioner was informed that his protest was being forwarded to an Appeals officer (AO) for consideration and that he would be contacted for the purpose of scheduling a conference. On October 21, 2015, petitioner's protest was assigned to AO Victoria Johnson in the Jacksonville, Florida, Appeals Office.

On February 24, 2016, an Appeals conference was held with petitioner, his personal representative, and AO Johnson. After considering the written protest and other documents received from petitioner, AO Johnson denied petitioner's protest of the TFRP liabilities by letter dated May 11, 2016, upholding the proposed assessment made by RO Henderson for the periods at issue. Petitioner claims that he never received this letter; however, at trial, he confirmed that the address is correct.

II.    *CDP Proceeding*

On April 29, 2019, in an effort to collect petitioner's TFRP liabilities for the periods at issue, respondent issued him Notices CP90, Intent to Seize Your Assets and Notice of Your Right to a Hearing. On May 23, 2019, petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a CDP hearing for the TFRP liabilities assessed against him. On the Form

---

[3] The Form 2751 issued to petitioner also lists an outstanding TFRP liability for tax period ending December 2013. However, tax period ending December 2013 is not at issue in this case.

12153 petitioner checked the boxes "Proposed Levy or Actual Levy" and "I cannot Pay Balance" as the basis for the CDP hearing request and the reason he disagrees with the levy action, respectively.

Petitioner's CDP hearing was assigned to AO Karina Rego in the Miami, Florida, Appeals Office. On December 12, 2019, AO Rego sent petitioner a Letter 4837, scheduling a telephone CDP hearing for January 23, 2020. Petitioner and his personal representative failed to attend the January 23, 2020, hearing. Petitioner provided AO Rego a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, dated January 30, 2020, along with other financial documentation.

The CDP hearing was rescheduled for February 10, 2020. Upon reviewing the Form 433–A and the other documentation petitioner provided, AO Rego determined that he could afford to make a minimum monthly payment of $1,997. AO Rego ensured that all requirements of applicable law and administrative procedure were followed when the Notice of Federal Tax Lien was filed and the Final Notice of Intent to Levy was issued,[4] confirming that there was a valid assessment, a balance was due, and notices were properly issued.

During the CDP hearing and subsequent phone calls petitioner sought to challenge the TFRP liabilities for the periods at issue and requested lien withdrawal or currently-not-collectible (CNC) status as a possible collection alternative.[5] Moreover, petitioner informed AO Rego that he would be proceeding with an offer-in-compromise (OIC).

AO Rego determined that petitioner was precluded from challenging the TFRP liabilities since he had previously submitted a protest and a determination had already been made that he was both willful and responsible for the TFRP assessment. AO Rego noted that petitioner does not meet the IRS's "fresh start" criteria since his TFRP liabilities exceed $25,000, and that he would need to file Form 12277, Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien, if petitioner sought this form of relief. In the light of petitioner's

---

[4] The notice of determination in this case concerns the multiple April 29, 2019, levy notices for the periods at issue. Lien withdrawal was considered as possible relief with respect to the levy action.

[5] AO Rego made the suggestion of an installment agreement as a possible collection alternative, but petitioner was not amenable to the proposed monthly payment amount.

personal financial situation, which affords him the ability to make monthly payments towards the TFRP liabilities, AO Rego determined that petitioner was not eligible for CNC status.

Lastly, petitioner's OIC package, including Form 656–L, Offer in Compromise (Doubt as to Liability), which offered $500 to compromise the TFRP liabilities and reiterated his claim that he was not responsible for the TFRP assessment, was received on March 9, 2020. AO Rego forwarded petitioner's OIC to the Centralized Offer in Compromise unit. It was determined that petitioner was precluded from challenging the TFRP liabilities at the CDP hearing because of Appeals' prior determination.

Appeals issued a notice of determination dated January 12, 2021, sustaining the proposed levy action, and petitioner timely petitioned this Court for redetermination.

*Discussion*

I.  *Standard of Review*

We have jurisdiction to review Appeals' determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where the underlying tax liability is not at issue, we review the determination of Appeals for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). In reviewing for abuse of discretion, we must uphold Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320; *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at *9. We do not substitute our judgment for that of Appeals, but consider "whether, in the course of making its determination, the Appeals Office complied with the legal requirements of an administrative hearing." *Charnas v. Commissioner*, T.C. Memo. 2015-153, at *7.

II.  *Underlying Liability*

A taxpayer may challenge the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B). TFRPs are "assessable penalties" and are therefore not subject to deficiency procedures. *See Chadwick v. Commissioner*, 154 T.C. 84, 91 (2020).

However, a taxpayer has the opportunity to dispute his liability for a TFRP by filing an appeal with the IRS upon receipt of a Letter 1153. *See Mason v. Commissioner*, 132 T.C. 301, 317–18 (2009).

Petitioner does not dispute receiving a Letter 1153, and it has been stipulated that petitioner participated in a prior Appeals hearing on February 24, 2016, protesting the TFRP assessments made against him for Cinco. Since petitioner has previously disputed the underlying liabilities now at issue, he was not entitled to challenge the underlying TFRP liabilities at the CDP hearing and is precluded by section 6330(c)(2)(B) from now contesting them in this Court. *See Chadwick*, 154 T.C. at 89. Accordingly, we will review AO Rego's determination to sustain the proposed levy action and denial of collection alternatives on the basis of an abuse of discretion standard.

III.   *Abuse of Discretion*

In deciding whether AO Rego abused her discretion sustaining the proposed levy action and denying petitioner's collection alternatives, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3). Our review of the record establishes that AO Rego satisfied all of these requirements.

A.   *Verification*

We have authority to review an AO's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *Kidz Univ., Inc. v. Commissioner*, T.C. Memo. 2021-101, at *10 (citing *Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011)). Petitioner did not assert in his Petition that AO Rego failed to satisfy this requirement and has not directed this Court's attention to any facts that would support such a finding. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at *12. In any case, on the basis of our review of the record before us, we find that AO Rego reviewed the documentation

relevant to petitioner's CDP hearing and verified that the applicable requirements were met.[6] *See* I.R.C. § 6330(c)(1).

B.    *Issues Raised*

During the CDP hearing petitioner sought to challenge the underlying TFRP liabilities and his status as a responsible person, which, as discussed in Part II, he is precluded from challenging. Petitioner also requested lien withdrawal or CNC status as a possible collection alternative, and submitted an OIC. Respondent argues that petitioner has not shown that AO Rego abused her discretion in denying petitioner's collection alternatives. We agree. In fact petitioner failed to raise the issue during the trial or on brief; therefore, we find that he has abandoned and conceded the issue. *See Lunsford v. Commissioner*, 117 T.C. 183, 187 (2001).

C.    *Balancing*

Petitioner does not allege in his Petition or argue at any later point that AO Rego failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). Therefore, petitioner has conceded this issue. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19. In any case, there is no evidence in the record suggesting that AO Rego abused her discretion in finding that the balancing requirement in section 6330(c)(3)(C) was met.

IV.    *Conclusion*

Finding no abuse of discretion, we will sustain Appeals' determination. We have considered all of the arguments that the parties made, and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

---

[6] TFRPs are penalties that are subject to the written supervisory approval requirements of section 6751(b). *See Chadwick*, 154 T.C. at 94. Petitioner did not raise the issue of whether the RO complied with the requirements of section 6751(b) before assessing the TFRPs against him. Nonetheless, the administrative record contains Form 4183, reflecting the settlement officer's satisfaction of the verification requirement. *See Blackburn v. Commissioner*, 150 T.C. 218, 223 (2018).

To reflect the foregoing,

*An appropriate decision will be entered.*