# United States Tax Court

T.C. Memo. 2025-85

CHRISTOPHER B. EPPS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 24539-22L.                         Filed August 7, 2025.

_____

*James G. McGee, Jr.*, for petitioner.

*Rebecca L. Holmes* and *Ardney J. Boland*, for respondent.

## MEMORANDUM OPINION

URDA, *Chief Judge*: In this collection due process (CDP) case, petitioner, Christopher B. Epps, seeks review pursuant to section 6330[1] of a determination by the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals Office) upholding a notice of intent to levy (levy notice). The Commissioner has filed a motion for summary judgment, asserting that there is no genuine dispute of material fact and that the determination to sustain the levy notice was proper as a matter of law. We agree and will grant the Commissioner's motion.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All amounts have been rounded to the nearest dollar.

**[\*2]**                                   *Background*

The following facts are derived from the petition, the administrative record of the CDP hearing, and other filings in this case. Mr. Epps lived in Mississippi when he filed his petition.

I.      *Mr. Epps's Tax Liability*

Mr. Epps filed his 2014 federal income tax return late. On this return he reported a total tax liability of $136,003, withholding of $22,589, and an addition to tax of $220 for failure to pay estimated tax. However, he did not pay anything with his return. The IRS thereafter assessed these amounts, as well as an addition to tax for failure to timely pay and statutory interest. As of August 23, 2021, Mr. Epps's outstanding 2014 liability totaled $159,066.

II.     *CDP Proceedings and Tax Court Petition*

As part of its efforts to collect Mr. Epps's unpaid liability, the IRS issued the levy notice, which apprised him of his right to request a CDP hearing pursuant to section 6330. Mr. Epps thereafter submitted a timely request for a CDP hearing, in which he (1) indicated that he could not pay the balance, (2) requested penalty abatement, and (3) expressed interest in both an installment agreement and an offer-in-compromise.

The case was later assigned to an Appeals officer, who scheduled a telephone CDP hearing for July 26, 2022. Counsel for Mr. Epps participated in this call and stated that his client (who was incarcerated at the time) was unable to pay. Mr. Epps's lawyer agreed during the call to provide Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, for the Appeals officer's evaluation.

The Appeals officer thereafter received a letter from Mr. Epps's attorney, which summarized and attached his Form 433-A. The cover letter and Form 433-A reflected that Mr. Epps had monthly net disposable income of $2,628 after taking into account living expenses. As for Mr. Epps's assets, the documents showed $33,300 in bank accounts, investments of $182,176, and equity in real property of $236,995, as well as additional equity in vehicles, and an open line of credit.

The Appeals officer concluded that Mr. Epps could fully pay his 2014 liability, applying his equity and future income. She accordingly

**[*3]** informed Mr. Epps's lawyer that he was not eligible for currently-not-collectible status.

The Appeals Office soon after issued a notice of determination, sustaining the proposed levy action and denying currently-not-collectible status.[2] The notice of determination rested this conclusion on the financial information Mr. Epps himself supplied. In particular, the Appeals officer pointed to the twin facts that (1) "although [Mr. Epps was] incarcerated, [he] still received pension income and ha[d] the ability to pay," and (2) he had "sufficient funds and equity in assets to pay towards the debt."

*Discussion*

I.    *General Principles*

A.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *see also Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

In deciding whether to grant summary judgment, we construe factual materials and draw inferences therefrom in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party, however, may not rest upon mere allegations or denials in his pleadings but, rather, must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

B.    *Standard of Review*

We have jurisdiction to review the Appeals Office's determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where, as here, the

---

[2] Neither the notice of determination nor the Appeals officer's case activity notes suggest that Mr. Epps requested penalty abatement or proposed an installment agreement or offer-in-compromise at any point during the back-and-forth with the Appeals officer.

**[\*4]** validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. *See Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). In reviewing for abuse of discretion, we must uphold the Appeals Office's determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320.

II.   *Abuse of Discretion*

In determining whether the Appeals Office abused its discretion in sustaining the collection action, we consider whether the Appeals officer (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Mr. Epps raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Mr. Epps] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3).  Our review of the record establishes that the Appeals officer properly satisfied these requirements.

   A.   *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011).  Mr. Epps has not challenged the verification requirement at any point in this case, and we conclude from the record that the Appeals officer conducted a thorough review of Mr. Epps's account transcripts and verified that all applicable requirements were met. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 121(d).

   B.   *Issues Raised*

Before this Court, Mr. Epps contends that the Appeals officer abused her discretion in determining that he was ineligible for currently-not-collectible status and by failing to consider other collection alternatives and penalty abatement.  Taking the second point first, the record before us establishes that Mr. Epps did not raise any collection alternatives in the CDP hearing, aside from his request for currently-not-collectible status.  Specifically, he did not propose terms of an installment agreement or provide Form 656, Offer in Compromise, as required for an offer-in-compromise. *See* Treas. Reg. § 301.7122-1(d)(1). "[I]t is not an abuse of discretion for an [Appeals officer] to decline to

**[\*5]** consider a collection alternative where the taxpayer does not put an offer on the table." *Powell v. Commissioner*, T.C. Memo. 2023-48, at \*5; *see also, e.g.*, *Lipka v. Commissioner*, T.C. Memo. 2022-116, at \*10 ("IRS Appeals did not abuse its discretion by not entertaining the [taxpayers'] supposed desire for an [installment agreement] or [offer-in-compromise]."). Nor did Mr. Epps submit Form 843, Claim for Refund and Request for Abatement, despite having ample opportunity to do so. The Appeals officer did not abuse her discretion in not considering penalty abatement under these circumstances. *See, e.g.*, *Northside Carting, Inc. v. Commissioner*, T.C. Memo. 2020-18, at \*15; *see also* Treas. Reg. § 301.6330-1(f)(2), Q&A-F3 ("An issue is not properly raised if . . . consideration is requested but the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence.").

Nor do we see an abuse of discretion in the Appeals officer's determination that he was not entitled to currently-not-collectible status. "To be entitled to this collection alternative [a taxpayer] must demonstrate that, on the basis of [his] assets, equity, income, and expenses, [he] ha[s] no apparent ability to make payments on the outstanding tax liability." *Norberg v. Commissioner*, T.C. Memo. 2022-30, at \*5; *see also Riggs v. Commissioner*, T.C. Memo. 2015-98, at \*11. "An account may not be placed in CNC status if the taxpayer has income or equity in assets unless enforced collection would cause hardship." *Wycoff v. Commissioner*, T.C. Memo. 2024-37, at \*8; *see also Hartmann v. Commissioner*, T.C. Memo. 2024-46, at \*11–12, *aff'd*, No. 24-2289, 2025 WL 213765 (3d Cir. Jan. 16, 2025). "Hardship exists if the taxpayer is unable to pay reasonable basic living expenses." *Wycoff,* T.C. Memo. 2024-37, at \*8.

Mr. Epps's own Form 433-A resolves the matter against him. The Form 433-A shows net monthly disposable income of $2,628, as well as $33,300 in bank accounts, investments of $182,176, equity in real property of $236,995, equity in vehicles, and an open line of credit. And Mr. Epps failed to show that enforced collection would make him unable to pay basic living expenses as necessary to establish hardship. The Appeals officer thus did not abuse her discretion in determining that Mr. Epps's significant income and equity in assets rendered him ineligible for currently-not-collectible status. *See, e.g.*, *Hartmann,* T.C. Memo. 2024-46, at \*12; *Wycoff,* T.C. Memo. 2024-37, at \*8.

**[\*6]**  C.  *Balancing*

Mr. Epps failed to challenge the Appeals officer's consideration of "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  *See* I.R.C. § 6330(c)(3)(C).  We conclude that Mr. Epps has conceded this issue.  *See* Rules 331(b)(4), 121(d).  In any event, the Appeals officer expressly concluded in the notice of determination that sustaining the levy balanced the need for efficient tax collection with the concern that collection action be no more intrusive than necessary.  We find no basis for disturbing the Appeals officer's conclusion regarding this requirement.

III.  *Conclusion*

Finding no abuse of discretion in the Appeals officer's decisions, we will grant summary judgment for the Commissioner and affirm the Appeals officer's determination to sustain the levy action.

To reflect the foregoing,

*An appropriate order and decision will be entered.*