# United States Tax Court

T.C. Summary Opinion 2023-32

GEORGIANNA SHEPARD,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 1875-21SL.                    Filed November 28, 2023.

————

Georgianna Shepard, pro se.

*Jessica R. Nolen*, for respondent.

## SUMMARY OPINION

WEILER, *Judge*: This case was brought pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

This is a collection due process (CDP) case in which petitioner, Georgianna Shepard, seeks review pursuant to section 6330 of a determination by the Internal Revenue Service (IRS or respondent)

———

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

Independent Office of Appeals[2] (Appeals) upholding a proposed levy collection action for tax years 2015 and 2016 (years at issue).

Respondent has filed a Motion for Summary Judgment under Rule 121, contending that there are no disputes of material fact and that Settlement Officer (SO) Christopher White did not abuse his discretion in sustaining the proposed levy. Pursuant to an Order of this Court, Ms. Shepard was instructed to file a response, if any, to respondent's Motion by August 25, 2023. Ms. Shepard failed to do so. For the reasons set forth below, we will grant respondent's Motion.

*Background*

The following facts are derived from the parties' pleadings and Motion papers, including the Declaration and Exhibits attached thereto. *See* Rule 121(c). Ms. Shepard resided in Missouri when she timely filed her Petition.

The collection action at issue arises from Ms. Shepard's unpaid tax liabilities for the years at issue. The original total amount of Ms. Shepard's unpaid liabilities for tax years 2015 and 2016 was $4,830. During the pendency of her CDP hearing and throughout the proceeding in this Court, the Commissioner applied credit transfers from Ms. Shepard's timely filed tax returns for tax years 2017, 2018, 2019, 2020, 2021, and 2022 against the unpaid liabilities for the years at issue. Ms. Shepard's account transcripts demonstrate that these credit transfers were a result of timely filed Forms 1040, U.S. Individual Income Tax Return.[3] Credit transfers from 2017, 2018, 2019, 2020, and 2021 were applied for tax year 2015. At the time of this report, the unpaid liability for tax year 2015 has been paid in full as a result of these credit transfers. Credit transfers from 2021 and 2022 have reduced Ms. Shepard's liability for tax year 2016 by $927. The credit transfers for tax years 2020, 2021, and 2022 were $901, $875, and $881, respectively. For tax year 2016 the remaining unpaid liability is $1,168, exclusive of penalties and accrued interest. The period of limitations on collections

---

[2] On July 1, 2019, the IRS Office of Appeals was renamed the IRS Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

[3] The account transcripts for the years at issue reflect that the credit transfers occurred for tax year 2017 on April 15, 2018, tax year 2018 on March 4, 2019, tax year 2019 on March 9, 2020, tax year 2020 on March 8, 2021, tax year 2021 on March 21, 2022, and tax year 2022 on March 6, 2023.

for tax year 2016 (before extension of the period based on this CDP hearing) expires on March 6, 2027.[4]

On March 4, 2019, the IRS mailed Ms. Shepard Form CP90, Intent to Seize Your Assets and Notice of Your Right to a Hearing. On March 28, 2019, Ms. Shepard timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a CDP hearing. Ms. Shepard checked the box labeled "I Cannot Pay Balance" and indicated that she receives a "fixed income" from a small pension and Social Security checks, is disabled, and is unable to work. On Form 12153, Ms. Shepard also requested that her future tax refunds be applied against her unpaid tax liabilities.

SO Juan Covarrubias was originally assigned to Ms. Shepard's CDP hearing, and on August 26, 2020, he sent her Letter 4837, Appeals Received Your Request for a Collection Due Process Hearing. Letter 4837 confirmed receipt of Ms. Shepard's CDP request and scheduled a CDP telephone conference for October 5, 2020. SO Covarrubias requested that Ms. Shepard submit Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and three months of bank statements. On October 5, 2020, SO Covarrubias sent Ms. Shepard a Letter 4000 after she failed to attend the scheduled telephone CDP conference. Letter 4000 provided Ms. Shepard an additional 14 days to contact SO Covarrubias and provide the requested information. Ms. Shepard did not respond to the Letter 4000. On December 16, 2020, SO Covarrubias mailed Ms. Shepard a notice of determination sustaining the proposed levy action.

On January 21, 2021, Ms. Shepard timely filed her Petition with this Court. On August 2, 2022, respondent filed a Motion to Remand this case indicating that Ms. Shepard had not received Letters 4837 or 4000 from SO Covarrubias regarding the October 5, 2020, CDP conference. Respondent determined that SO Covarrubias had sent the CDP proceeding correspondence to an address previously associated with Ms. Shepard rather than her last known address. This Court granted the Motion to Remand, and this case was remanded to Appeals on August 4, 2022.

---

[4] Section 6330(e)(1) provides that the running of the collection period of limitations is suspended during the entirety of the CDP process. This includes the CDP proceeding with Appeals as well as any appeals from the notice of determination to this Court.

SO White was assigned to Ms. Shepard's supplemental CDP hearing, and on August 30, 2022, he sent her a Letter 4837, scheduling a telephone CDP conference for September 15, 2022. SO White requested a completed Form 433–A, three months of bank statements, and proof of monthly income and expenses. During the CDP hearing, SO White confirmed with Ms. Shepard that she was not challenging the underlying tax liabilities. Ms. Shepard sought only to have her account placed in currently-not-collectible (CNC) status based on hardship.

Following the supplemental CDP hearing Ms. Shepard provided a completed Form 433–A to SO White. Ms. Shepard claimed monthly expenses of $2,500 stemming from food, clothing, and miscellaneous; housing and utilities; out of pocket health care costs; and secured debts. Form 433–A requires a list of the claimed secured debts to be attached to the Form. Ms. Shepard did not attach the requisite list. Financial analysis by IRS Collections determined that on the basis of Ms. Shepard's monthly income of $2,500 and allowable expenses of $2,280, she could pay $220 per month towards her unpaid liabilities.

In review of IRS Collections' financial analysis, SO White allowed all of Ms. Shepard's reported expenses, except the secured debts. SO White applied the standard amount allowed for a single taxpayer for food, clothing, and miscellaneous expenses, as well as the standard amount for out-of-pocket health care costs. Despite Ms. Shepard's reporting transportation expenses of zero, SO White likewise applied the standard expense amount for public transportation. SO White additionally allowed the $800 expense reported for housing, and factored in an additional expense of $300 for health insurance despite Ms. Shepard's not reporting any health insurance amount on her Form 433–A.

In a letter to Ms. Shepard dated November 9, 2022, SO White informed her of the result of the financial analysis in which he determined her ability to make monthly payments and requested she respond with additional documentation should she disagree with the proposed monthly payment amount and scheduled a telephone conference for November 29, 2022. Ms. Shepard failed to respond to SO White's letter, and she neither submitted the requested additional documentation nor called SO White on November 29, 2022, to participate in the scheduled telephone conference. On December 29, 2022, SO White issued a supplemental notice of determination sustaining the proposed levy and denying Ms. Shepard's request for her account to be placed in CNC status.

On August 4, 2023, respondent filed the Motion for Summary Judgment along with a Declaration in support thereof. On August 8, 2023, pursuant to an Order from this Court, Ms. Shepard was provided until August 25, 2023, to file a response to respondent's Motion. Ms. Shepard has not filed a response.

*Discussion*

I.    *General Principles*

    A.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001); *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002).

Had Ms. Shepard not elected to have this case heard as a "small tax case" under the provisions of section 7463, our decision would have been appealable to the U.S. Court of Appeals for the Eighth Circuit. *See* I.R.C. § 7482(b)(1)(G). The Eighth Circuit has held that where de novo review is not applicable, the scope of review in a CDP case is confined to the administrative record. *See Robinette v. Commissioner*, 439 F.3d 455, 461 (8th Cir. 2006), *rev'g* 123 T.C. 85 (2004). Ms. Shepard did not question the completeness of the administrative record; thus, in cases such as these, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 16–17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)).

    B.    *Standard of Review*

We have jurisdiction to review Appeals' determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where the underlying tax liability is not at issue, we review the determination of Appeals for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). When we remand a case to Appeals, and it returns to us after a supplemental determination is

issued, we review the supplemental notice of determination. *Hoyle v. Commissioner*, 136 T.C. 463, 467–68 (2011), *supplementing* 131 T.C. 197 (2008).

In reviewing for abuse of discretion we must uphold Appeals' determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320; *Taylor v. Commissioner*, T.C. Memo. 2009-27, 2009 WL 275721, at *9. We do not substitute our judgment for that of Appeals but consider "whether, in the course of making its determination, the Appeals Office complied with the legal requirements of an administrative hearing." *Charnas v. Commissioner*, T.C. Memo. 2015-153, at *7.

C. *Underlying Liability*

A taxpayer may challenge the existence or amount of her underlying liability in a CDP proceeding only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B). To preserve a challenge to the underlying liability, a taxpayer must raise the issue of the underlying liability during the CDP proceeding. *See Giamelli v. Commissioner*, 129 T.C. 107, 112–15 (2007); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3.

The administrative record before us does not indicate whether Ms. Shepard received a notice of deficiency with respect to the tax liabilities or had a prior opportunity to dispute them. However, on Form 12153 and at her supplemental CDP hearing, Ms. Shepard did not contest the underlying tax liabilities and SO White confirmed with Ms. Shepard that she did not intend to contest them. Since the underlying liabilities are not properly at issue, we will review Appeals' determination to sustain the proposed levy action on the basis of an abuse of discretion standard.

II. *Abuse of Discretion*

In deciding whether SO White abused his discretion in sustaining the proposed levy action, we consider whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Ms. Shepard raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Ms. Shepard] that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3).

A.     *Verification*

Before issuing a notice of determination Appeals must verify that all requirements of applicable law and administrative procedure have been met. *See* I.R.C. § 6330(c)(1), (3)(A). We have authority to review an SO's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *Kidz Univ., Inc. v. Commissioner*, T.C. Memo. 2021-101, at *10 (citing *Hoyle*, 131 T.C. at 200–03). Ms. Shepard did not assert in her Petition that SO White failed to satisfy this requirement and has not directed this Court's attention to any facts that would support such a finding. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at *12. In any event, and on the basis of our review of the administrative record, we find that SO White conducted a thorough review of the materials relevant to Ms. Shepard's CDP request and verified that all applicable requirements were met. *See* I.R.C. § 6330(c)(1).

B.     *Issues Raised*

The only issue raised in the first CDP hearing was Ms. Shepard's inability to pay. On Form 12153, Ms. Shepard checked the box labeled "I Cannot Pay Balance" and stated that she has a "fixed income" of pension and Social Security checks. She further indicated that she is disabled and unable to work. As Ms. Shepard did not receive the letter scheduling the telephone CDP hearing, she was unable to raise any further issues during the first CDP proceeding. However, during her supplemental CDP hearing, the only issue Ms. Shepard raised was a request that her account be placed in CNC status based on hardship.

Suspension of collection activity is a collection alternative that a taxpayer may propose and that Appeals must consider. *See* I.R.C. § 6330(c)(2)(A)(iii), (3)(B). To be entitled to CNC status as a collection alternative, a taxpayer must demonstrate that, on the basis of her assets, equity, income, and expenses, she has no apparent means to make payments on the outstanding tax liability. *See Foley v. Commissioner*, T.C. Memo. 2007-242, 2007 WL 2403732, at *2. A taxpayer's ability to make payments is determined by calculating the excess of income over necessary living expenses. *Rosendale v. Commissioner*, T.C. Memo. 2018-99, at *9. In reviewing for abuse of discretion, the Court does not substitute its judgment for that of the SO or recalculate a taxpayer's ability to pay. *See O'Donnell v. Commissioner*, T.C. Memo. 2013-247, at *15.

In determining Ms. Shepard's ability to pay, SO White reviewed Form 433–A and other documentation she provided. Financial analysis of these documents by IRS Collections revealed that Ms. Shepard could pay $220 per month on the basis of the difference between her monthly expenses and monthly income. Further, SO White offered Ms. Shepard the opportunity to provide additional information if she disagreed with the proposed monthly payment amount at the November 29, 2022, conference. However, Ms. Shepard failed to avail herself of this opportunity. *See Pough v. Commissioner*, 135 T.C. 344, 351 (2010) ("[W]hen an Appeals officer gives a taxpayer an adequate timeframe to submit requested items, it is not an abuse of discretion to move ahead if the taxpayer fails to submit the requested items."). Accordingly, we cannot say SO White abused his discretion in considering the issue raised at Ms. Shepard's supplemental CDP hearing.

C.  *Balancing*

Ms. Shepard does not allege in her Petition, nor argue at any later point, that SO White failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). Therefore, Ms. Shepard is deemed to have conceded this issue.[5] *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at \*19.

---

[5] While it is true Ms. Shepard conceded the "balancing issue," we would note that when this CDP hearing commenced, Ms. Shepard's original liability for the years at issue was $4,830. Through credit transfers from timely filed tax returns for tax years 2017, 2018, 2019, 2020, and 2021 the amount of unpaid liability for tax year 2015 has since been paid in full. These credit transfers from timely filed tax returns for tax years 2021 and 2022 have also reduced Ms. Shepard's 2016 tax liability by $927. When requesting CNC status, Ms. Shepard suggested that her future refunds would be applied to offset any remaining tax liabilities. We note that between the time of Ms. Shepard's CDP hearing and her proceeding in this Court, she has timely filed tax returns for three years, her tax liability for 2015 has been paid in full, and her tax liability for 2016 has been reduced. Ms. Shepard has made good on her proposal to repay her balances through future tax refunds, and the Commissioner has already successfully collected 76% of her total unpaid tax liability. The remaining tax liability is $1,168, exclusive of any penalties and accrued interest. The credits applied to reduce her unpaid liability for tax years 2020, 2021, and 2022 were $901, $875, and $881, respectively. Therefore, it is likely that respondent will be able to collect the remaining unpaid liabilities through future credit transfers, assuming Ms. Shepard continues to timely file her future tax returns.

Ms. Shepard is some 75 years of age and is financially dependent upon her modest fixed monthly income. Requiring Ms. Shepard to make a monthly payment of

III.    *Conclusion*

Finding no abuse of discretion by SO White in our review of the mandatory verification requirements and the issues raised by Ms. Shepard at her CDP hearing under section 6330(c)(3)(A) and (B), and with her conceding the so-called balancing requirement under section 6330(c)(3)(C), we are obligated to grant respondent's Motion for Summary Judgment and affirm Appeals' determination.

To reflect the foregoing,

*An appropriate order and decision will be entered.*

---

$220 could be viewed as a financial hardship that outweighs the need for the efficient collection of taxes and therefore could be viewed by some as unnecessarily intrusive.